## ELIPHALET HALL *vs.* JOHN S. FELTON.

Until an offer of settlement by a debtor, and his demand for the reconveyance of land held by the creditor as collateral security, the statute of limitations does not begin to run upon the creditor's promise to reconvey the land "at any time said debtor will demand me to do so by his paying me my debt and interest," and to account for the rents and profits.

BILL IN EQUITY, filed May 21, 1869, praying for an account of the rents and profits of a parcel of real estate in Salem, a decree for its reconveyance to the plaintiff, and general relief; said real estate being the property referred to in the following writing, signed by the defendant under date of May 21, 1849, and the plaintiff alleging that the rents and profits thereof received by the defendant since it came into his possession exceeded the amount of his debt to the defendant, with interest, and that he had frequently requested the defendant to account therefor and to surrender the premises : " I promise and agree to give Eliphalet Hall a good and satisfactory title to the property, at any time said Hall will demand me to do so by his paying me my debt and interest which I hold the two estates as surety for, — money said Hall borrowed of me. I also promise to account to him for all rents' money I have received or may receive for the property while in my possession."

The defendant pleaded the statute of limitations, and the case was thereupon reserved by *Ames*, J., for the determination of the full court, the defendant to have judgment if the plea was good, otherwise to have leave to answer.

*S. B. Ives, Jr.*, for the plaintiff.

*G. Wheatland*, for the defendant.

AMES, J. Of the various questions argued, the only one presented by the plea in bar, and therefore the only one properly before the court at this stage of the case, is as to the effect of the statute of limitations upon the plaintiff's right to maintain this bill. The defendant's written contract shows that the relation of debtor and creditor existed between the parties, and that the property described in the bill was to be held by him as collateral security for the debt. No time of repayment was expressly lim-

ited by the terms of the contract, but the plaintiff was to pay the debt whenever he should find it convenient. It contemplates a settlement at some future time, in which the plaintiff was to be charged with the principal and interest of the debt, and was to have an allowance for all rents or money received for the property while in the defendant's possession. Upon payment, or offer of payment, of the balance to be so ascertained, and upon demand of a reconveyance, the defendant bound himself " to give to said Hall a good and satisfactory title to the property." There could be no breach of this contract on the defendant's part, and of course no right of action could accrue upon it to the plaintiff, until the latter has placed himself in a position to claim the benefit of the contract by calling for the settlement provided for by its terms, and offering to pay such balance as shall be found to be due from him. There is nothing whatever before the court from which it can infer that such right of action first accrued, or that the plaintiff first became entitled to the reconveyance, at any point of time so remote as more than six years before the filing of the bill. It hardly need be said that the date of such a contract as the present is not the true point of departure in computing the period of the limitation.

*Plea overruled. Defendant to answer.*