[Civ. No. 317. Second Appellate District.—May 13, 1907.]

## S. M. PINKIERT, Respondent, v. D. S. KORNBLUM, Appellant.

ATTACHMENT—MOTION TO DISSOLVE—INSUFFICIENT COMPLAINT—DEFECT NOT CURED.—Though a motion to dissolve an attachment cannot be made to serve the purposes of a demurrer to the complaint, and an amended complaint will support it if a defective complaint has been cured by amendment, yet, if the complaint fails to state a cause of action, and is incurable, or if the plaintiff fails to amend an insufficient complaint before decision of the motion, it will be presumed that he cannot do so, and, in either case, the attachment must be dissolved.

ID.—COMPLAINT SHOWING MONEY PAID UNDER CONTEST FOR SHARES OF STOCK NOT DELIVERED—ALTERNATIVE REMEDY—RESCISSION—DAMAGES.—Where the complaint shows that plaintiff fully paid money under a contract for shares of stock, which were not delivered, it might state a cause of action entitling plaintiff to rescind the contract for failure of consideration under section 1689 of the Civil Code, in which case he would be entitled to judgment for the return of the money paid, or to affirm the contract, and recover damages for its breach, measured by section 3336 of the Civil Code.

ID.—COMPLAINT FOR DAMAGES INSUFFICIENT TO SUPPORT ATTACHMENT.—If the complaint stated a full cause of action to recover damages for the breach of the contract, which it fails to do, it could not, in such case, support an attachment for that cause of action.

ID.—INSUFFICIENT COMPLAINT FOR RESCISSION.—If the complaint be considered as a complaint to rescind the written contract for failure

of consideration, it is insufficient as lacking allegations to show that the time for performance of the contract on defendant's part, in which to cause the stock to be issued in a proposed corporation then in process of formation, had elapsed before his refusal of performance or to show the stage of its organization, or when or where it was to be organized.

ID.—REASONABLE TIME FOR PERFORMANCE—TWENTY DAYS NOT SUFFI-CIENT AS MATTER OF LAW—FACTS MUST BE AVERRED.—The defendant was entitled under the contract, which fixed no time for performance, to a reasonable time therefor. It cannot be said as matter of law that twenty days after date of the contract was a sufficient time in which to procure the issuance of the stock, and any facts showing the contrary or that the failure was caused by defendant's act, must be alleged.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion to dissolve an attachment. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Goldberg & Meily, for Appellant.

James L. Irwin, for Respondent.

TAGGART, J.—Appeal from an order denying motion to dissolve an attachment.

The verified complaint alleges that on the ninth day of May, 1906, plaintiff paid to defendant the sum of $1,000, in consideration of which defendant agreed, in writing, to issue, or cause to be issued, to plaintiff five thousand shares of the capital stock of a corporation, then in process of organization, each share of the par value of one dollar.

That on the twenty-ninth day of May, 1906, defendant refused to perform said contract, or to return the said $1,000. That plaintiff thereupon demanded the return of said sum and defendant refused and refuses, etc., to pay the same to plaintiff. The demand is for judgment against defendant for $1,000 and costs of suit.

The affidavit avers an indebtedness of $1,000 "upon an express contract for the direct payment of money, to wit: For money obtained by said defendant at his special instance and request from said plaintiff," etc.

The motion to dissolve the attachment was based upon two grounds, to wit: That the amount of plaintiff's claim as stated in the affidavit does not conform to plaintiff's complaint, and that the complaint does not state facts sufficient to constitute a cause of action.

There appears to be a variance between the complaint and affidavit, but it is not the one specified in the motion. If the complaint stated sufficient facts to entitle plaintiff to recover at all, it would not state a cause of action on an express contract, but we do not regard this as material here.

Plaintiff fully paid for personal property which was never delivered to him. He was entitled therefore to rescind the contract for failure of consideration (Civ. Code, sec. 1689), or to affirm the contract and bring an action for its breach (Civ. Code, sec. 3309). In the former case, he would be entitled to a judgment for the return of the money paid; in the latter, to a judgment for damages measured by section 3336 of the Civil Code. The complaint is entirely lacking in the allegations necessary to the last-mentioned cause of action, and if sufficient to state such a cause of action it would not support an attachment. Considered as a complaint to rescind, it appears also lacking in allegations necessary to show that the time for performance on the defendant's part had elapsed.

His refusal to comply with plaintiff's request to perform on May 29, 1906, may have been entirely consistent with good faith and intent on his part to perform his part of the contract within the time allowed by law. The contract provided no time within which he should cause the stock to be issued and delivery thereof made. The stage of the organization of the corporation then in progress does not appear. There is no allegation as to when or where it was to be organized. The law would allow at least a reasonable time to defendant to act, and without any information as to the time required to bring about the conditions requisite to the issuance of the stock, it cannot be said that twenty days was such reasonable time. If the corporation was organized at the time of the demand, it should have been alleged. If it was not, and this was because of defendant's act, the facts should have been set forth.

While it is true that the motion to dissolve an attachment cannot be made to serve the purposes of a demurrer to the

complaint (*Kohler* v. *Agassiz,* 99 Cal. 9, [33 Pac. 741]), and an amended complaint will be held to support an attachment issued on a complaint originally defective which has been cured by an amendment (*Hale* v. *Milliken,* 142 Cal. 138, [75 Pac. 653]), yet, if the complaint fails to state a cause of action and is incurable, the attachment must be dissolved. If a motion to dissolve is made on this ground the plaintiff must amend his complaint before the decision of the motion to dissolve (*Hathaway* v. *Davis,* 33 Cal. 169), or it will be presumed that he cannot do so.

The record discloses no amendment or attempt to amend; therefore the attachment should have been dissolved.

The order denying the motion is reversed.

Allen, P. J., and Shaw, J., concurred.