[L. A. 2956. Department One.—December 23, 1912.]

O. A. VICKREY and B. L. VICKREY, Appellants, v. SIMON MAIER and JOHN T. JONES, Respondents.

WRITTEN CONTRACT—PRESUMPTION OF CONSIDERATION.—Under the presumption in favor of written agreements, as provided by section 1614 of the Civil Code, in the absence of proof to the contrary, an adequate consideration must be presumed to have passed at the execution of such a contract, and, if necessary, it will be assumed that it consisted of something of value not mentioned in the agreement itself, unless the terms of the agreement are such as to exclude or forbid such assumption.

ID.—RECIPROCAL PROMISES OF PARTIES TO CONTRACT.—A promise by one party may be a sufficient consideration for the promise of another, and where there are mutual or reciprocal promises in a written agreement each constitutes a consideration for the other, particularly where it is expressly so declared.

ID.—PROMISE OF PREFERENTIAL RIGHT TO PURCHASE STOCK—AGREEMENT TO BUY STOCK AT STATED PRICE AT SELLER'S OPTION.—An agreement by the plaintiffs that if they chose to sell certain stock in a corporation they would give the defendants a preferred right to buy it over all other purchasers, is a sufficient consideration to support the agreement of the latter to pay dividends on the stock and also to buy it, at the plaintiff's option, at any time after six months, on ninety days' notice, at a stated price.

ID.—OBLIGATION TO PURCHASE—ELECTION TO SELL—NOTICE OF ELECTION —OFFER OF DELIVERY.—Such an agreement imposed no obligation on the defendants to buy the stock at the price stated, unless the plaintiffs elected to sell it, and gave the notice, nor, even after such election and notice, until they had offered to deliver the stock in pursuance of the agreement.

ID.—ACTUAL DEMAND NECESSARY TO RIGHT OF ACTION—STATUTE OF LIMITATIONS.—The general rule is, that where an actual demand is essential as a condition precedent to a complete right of action for the recovery of money, such demand must be made within a reasonable time after it can lawfully be made, or within a reasonable time after the contract by its terms contemplates that it should be made, and that, unless there are peculiar circumstances affecting the question, a time coincident with that of the statute of limitations, will be deemed reasonable.

ID.—ACTION TO RECOVER STATED PRICE—DEMAND AND TENDER OF PERFORMANCE—COMMENCEMENT OF RUNNING OF STATUTE.—An action to recover such stated price is in effect an action to enforce performance of a contract to buy personal property, and it is governed, so far as the commencement of the running of the statute of limitations is concerned, by the same rule which controls in the case of a sale of real property. Such rule is, that where a party may call for the performance of the agreement upon the part of another only by a tender or offer to perform his own ageement, there can be no breach of the contract by the one until such offer or tender by the other, and the statute will not begin to run until that time.

ID.—DEMAND FOR PERFORMANCE—NOTICE OF ELECTION TO SELL—LACHES. Where such agreement of purchase was in writing, and the plaintiffs, within four years after its execution, set in motion proceedings for a demand for performance by the defendants and made the actual demand within a few months thereafter, they were not guilty of laches sufficient to bar their action to recover the price stated.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Alton M. Cates, and Stewart & Stewart, for Appellants.

James P. Clark, and Mott & Dillon, for Respondents.

SHAW, J.—Appeal from the judgment on the judgment-roll alone.

The complaint is in three counts upon three contracts of similar form. The first is dated November 14, 1905, and is for the sale of ten shares of the Maier Packing Company, a corporation, at five thousand dollars, the second and third are dated, respectively, August 20 and November 10, 1906, the second being for twenty shares of said stock at ten thousand dollars, and the third for thirty shares at fifteen thousand dollars. A consideration of the first contract will be determinative of all questions presented except that of the statute of limitations.

On November 14, 1905, plaintiffs subscribed for the ten shares of stock and paid five thousand dollars to said company therefor, that being the par value. The shares were issued to them on February 20, 1906, and they have ever since held and owned the same. Upon the date they subscribed the plaintiffs and defendants executed a written agreement as follows:

"This agreement made and entered into this 14 day of November, 1905, by and between Simon Maier and John T. Jones, parties of the first part, and O. A. and B. L. Vickrey party of the second part.

"Witnesseth: That whereas said second party has subscribed for 10 shares of the capital stock of the Maier Packing Co., a corporation, the first parties are desirous of securing the first right to purchase said stock, in the event second party may desire to sell the same.

"Now therefore said second party agrees that, before offering said stock for sale, he will first notify first parties and give them the first right to buy the same at the price offered by any *bona fide* intending purchaser. In consideration of which said first parties agree and obligate themselves to pay or cause to be paid to second party, a dividend of six per cent per annum on said stock, payable quarterly, and that at any time after six months from date hereof on ninety days notice, they will purchase said stock at the price paid therefor and six per cent per annum from date of payment of last dividend, but the party of the second part shall not be obligated to sell said stock at the price paid therefor."

Dividends of six per cent per annum were regularly paid by said company on said stock down to and including the quarterly dividend due on July 3, 1909. In each of the last

two counts, the date "July 3, 1909," is, by what is obviously a clerical error, written July 3, 1910. We attach no importance to this misprision and disregard it entirely. No other dividends have been paid on the stock. On March 4, 1910, the plaintiffs gave to the defendants the following notice:

"MESSRS. SIMON MAIER AND JOHN T. JONES,

"Gentlemen:

"In accordance with the provisions contained in three certain agreements between yourselves upon the one part and the undersigned upon the other of date of November 14, 1905, August 20, 1906, and November 10, 1906, respectively, at which times the undersigned purchased from the Maier Packing Company, a corporation, ten (10), twenty (20), and thirty (30) shares of its capital stock respectively, making a total purchase of sixty (60) shares of the capital stock of said Maier Packing Company for the sum of thirty thousand ($30,000) dollars, we request and demand that you carry out the provisions of said agreements and each thereof, by paying or causing to be paid to the undersigned all dividends now in arrears upon said stock at the rate of six (6) per cent per annum, payable quarterly, and we further request and demand that you comply with the provisions of said agreements and each thereof by purchasing on or before ninety (90) days from date hereof, said sixty (60) shares of stock and paying us therefor the price paid for the same, to wit, the sum of $30,000, and in addition thereto all said sums now unpaid on account of dividends."

On September 12, 1910, plaintiffs tendered to defendants the said shares of stock and demanded that the defendants should pay to plaintiffs the price paid by the plaintiffs therefor, to wit, five thousand dollars, and the further sum of $355.67 as interest on the five thousand dollars, from the date of payment of said last paid dividend to the date of the demand. The defendants refused and still refuse to perform said agreement of November 14, 1905, and have not paid said sums or any part thereof. The prayer of the complaint is for judgment for $32,134.01, being the aggregate amount demanded upon the three contracts, including purchase price and dividends unpaid. The action was begun on the day of the tender and immediately thereafter.

The only defenses alleged in the answer are that there was no consideration for the agreements sued on, and that the action is barred by the provisions of section 337 of the Code of Civil Procedure prescribing four years as the period of limitation. No evidence was offered in support of either of the defenses, and the plaintiff offered no evidence to prove a consideration. Upon the foregoing facts the court below gave judgment for the defendants.

The complaint states facts sufficient to constitute a cause of action. The agreement bound the defendants to perform two things: 1. To pay or cause to be paid, quarterly, a dividend on the stock at the rate of six per cent per annum; 2. To repurchase the stock at the price which the plaintiffs had paid therefor, with interest from the date of the payment of the last dividend. No dividend has been paid for the year beginning July 3, 1909. The dividends for that year on the ten shares of stock covered by the first contract amounted to three hundred dollars. The defendants had agreed to pay this sum to plaintiffs and had failed to do so, although it was past due. It was a direct undertaking for the payment of money, and upon a breach thereof they were immediately liable. The plaintiffs were therefore, at least, entitled to recover the amounts of the quarterly dividends on all the stock, due and remaining unpaid at the time the action was begun.

There is no merit in the claim that the agreement was without consideration. Under the presumption in favor of written agreements, as provided by section 1614 of the Civil Code, in the absence of proof to the contrary, an adequate consideration must be presumed to have passed, and, if necessary, we must assume that it consisted of something of value not mentioned in the agreement itself, unless the terms of the agreement are such as to exclude or forbid such assumption. If the contract had not recited any consideration, the fact that it was in writing would, therefore, be sufficient evidence thereof. But the agreement, on its face, shows a consideration. It is a well established rule of the law of contracts that a promise by one party may be a sufficient consideration for the promise of another, that where there are mutual or reciprocal promises in a written agreement each constitutes a consideration for the other, particularly where it is expressly so declared. (*Gallagher* v. *Equitable*

*etc. Co.,* 141 Cal. 707, [75 Pac. 329]; *Van Loben Sels* v. *Bunnell,* 120 Cal. 682, [53 Pac. 266]; 1 Parsons on Contracts, *p. 449; 1 Page on Contracts, sec. 296; 1 Beach on Contracts, sec. 178.) Here the plaintiffs agreed that if they chose to sell the stock they would give the defendants a preferred right to buy it over all other purchasers. The defendants deemed this a valuable thing, and in consideration therefor they agreed to pay dividends on the stock and also to buy the stock at plaintiffs' option at any time after six months, on ninety days' notice, at a stated price. Under the authorities there was a sufficient consideration.

The remaining question is that of the statute of limitations so far as the action proceeds for the recovery of the price agreed to be paid for the stock. The action was begun on September 12, 1910. With regard to the second and third contracts, dated respectively, August 20, 1906, and November 10, 1906, it is clear that the four year period of limitation had not expired at the time the action was begun. The third contract was made less than four years prior to the beginning of the action. The second contract was made more than four years before that date, but the six months therein specified as the earliest date at which the repurchase could be demanded did not expire until February 20, 1907. Under no circumstances could the cause of action upon this contract have accrued until the latter date, and it was less than four years before the action was begun.

The claim that the first contract is barred is based on the theory that the demand for the repurchase was made after the statutory period had run. The general rule is that where an actual demand is essential as a condition precedent to a complete right of action for the recovery of money, such demand must be made within a reasonable time after it can lawfully be made, or within a reasonable time after the contract by its terms contemplates that it should be made, and that, unless there are peculiar circumstances affecting the question, a time coincident with that of the statute of limitations, will be deemed reasonable. (*Thomas* v. *Pacific B. Co.,* 115 Cal. 142, [46 Pac. 899]; *Williams* v. *Bergin,* 116 Cal. 60, [47 Pac. 877]; *Meherin* v. *San Francisco Produce Exch.,* 117 Cal. 217, [48 Pac. 1074; *Bills* v. *Silver K. M. Co.,* 106 Cal. 21, [39 Pac. 43], concurring opinion of Beatty, C. J.)

It is argued that the ninety days' notice, under the terms of the contract, could have been given ninety days prior to the expiration of the first six months, that is, on February 13, 1906, so as to make performance demandable on May 14, 1906, and that to delay giving such notice until March 4, 1910, which was more than four years after it might have been given, brings the case within the rule above stated. It is also suggested that, even if the ninety days' notice was not to be given prior to May 14, 1906, the plaintiffs, by giving it on that date, could have made the contract enforceable and a demand possible on August 12, 1906, and that giving the notice within the four years thereafter does not save them from the consequences of their laches, for the reason that they did not make any tender or demand until September 12, 1910, which was beyond the limit of four years from the time when they might lawfully have made it, if they had been prompt to assert their rights.

It may be conceded, though we do not say it, that these arguments would be sound if the rule in question were applicable to cases of the character here presented. We do not think it applies to this case. The cases cited were all for the payment of money, simply, and the money was positively owing and would become due and payable upon a mere demand by the payee. We have found no case where the doctrine has been applied to a contract for the purchase and sale of property at a fixed price, at the option of the seller. Here there was no positive obligation to pay money. There was no obligation at all unless the plaintiffs elected to sell the stock, and gave the notice, nor, even after such election and notice, until they had offered to deliver the stock in pursuance of the agreement. This case is in effect an action to enforce performance of a contract to buy personal property. We see no reason why it should be governed by a different rule from that which controls in the case of a sale of real property. The rule is thus stated: "Where a party may call for the performance of the agreement upon the part of another only by a tender or offer to perform his own agreement, there can be no breach of the contract by the one until such offer or tender by the other, and the statute will not begin to run until that time." (25 Cyc. 1210.) This statement is supported by the authorities cited to the text. (*Oaks* v.

*Taylor,* 30 App. Div. 177, [51 N. Y. Supp. 775; *Deming* v. *Haney,* 23 Iowa, 77; *Hall* v. *Felton,* 105 Mass. 516; *Iron R. R. Co.* v. *Fink,* 41 Ohio St. 321, [52 Am. Rep. 84].)

Furthermore, the contract shows by its terms that performance at the expiration of the six months was not of its essence. The circumstances show that some delay was contemplated. The plaintiffs had the option which they could exercise "at any time after" the six months. It was obviously expected that events occurring after the six months might determine their choice. That period was named to prevent them from demanding a repurchase earlier, not to fix a limit upon the time after its expiration within which they might make the election. Even in cases involving contracts for the payment of money, if the contract shows by its terms that the right to demand it is to endure for a considerable period, and that an indefinite delay in making it is contemplated, the rule that a demand must be made within the statutory period of limitation, counting that period from the time when the demand can first be made has never, so far as we are advised, been held to control and bar the action as a stale demand. (25 Cyc. 1209; Wood on Limitations, sec. 118; *Jamison* v. *Jamison,* 72 Mo. 640; *Thrall* v. *Mead,* 40 Vt. 540; *Stanton* v. *Stanton,* 37 Vt. 411.) The decisions declaring the rule recognize the fact that it may not apply to such cases. Thus in the leading case establishing the rule, *Palmer* v. *Palmer,* 36 Mich. 494, [24 Am. Rep. 605], the court, after stating the rule, say: "It may be otherwise where delay is contemplated by the express terms of the contract." To the same effect see *Bills* v. *Silver K. M. Co.,* 106 Cal. 21, [39 Pac. 43]. We are of the opinion that as the plaintiffs, within the four years, set in motion proceedings for a demand for performance and made the actual demand within a few months thereafter, they have not been guilty of laches sufficient to bar their action.

The point is urged upon this appeal that the plaintiffs have not kept the tender good by averring a readiness to deliver the stock and bringing it into court for delivery when performance by the defendants is enforced by the court. There are many authorities holding that where the tender is of specific articles of property, it need not be kept good in this way, but that in such cases the title to the property is presumed to pass and the vendor holds it as bailee for the pur-

chaser.    (38 Cyc. 159.)    It has been held that payment into court is not necessary where such payment is conditional upon the execution of a deed by the payee, which is similar to the condition in the case at bar.    (*McDaneld* v. *Kimbrell*, 3 Greene (Iowa), 335.)    The chief reason for the exception relating to tender of specific articles is that the plaintiff cannot reasonably or conveniently bring bulky articles into court, or carry them about with him in readiness to make his tender good at any time it may be demanded.    There are cases which reject the rule if the articles are bills, or bonds, which are as easily carried about as money.    We do not think it necessary to decide the question.    The point does not seem to have been raised at the trial where, if it had been mentioned, the plaintiff could readily have obviated the objection by producing the stock, or by submitting to a conditional judgment making the money payable only upon the deposit of the stock in court for the defendants' use.    Upon a new trial the court may allow an amendment to the complaint on this point and require the production of the stock.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.