[Civ. No. 1335. First Appellate District.—February 26, 1915.]

## BENJAMIN H. BRAINERD, Respondent, v. ROSE M. KYDD, Appellant.

ACTION ON PROMISSORY NOTE—CONSIDERATION—SUBSCRIPTION FOR CORPORATION STOCK—ABSENCE OF FRAUD.—In this action on a promissory note executed by the defendant on an application for the purchase of certain stock of an insurance company it is held that the transaction involved a plain business proposition and from the evidence it appeared free from any taint of fraud and the action was not one which the court should refuse to entertain.

ID.—SUFFICIENCY OF EVIDENCE.—It is held that the evidence in this case was sufficient to support the findings of the court that the note was taken by the plaintiff as the agent of the company in payment for stock of the company, and at the time of the commencement of the action the plaintiff was the owner and holder of the note.

Id.—Acceptance of Note.—It is held in this case that the evidence sufficiently showed that the note was accepted by the company and became a binding obligation and that the company was ready at once to deliver stock according to the terms of the contract of sale.

Id.—Sufficiency of Consideration.—In such a case, where it appears from the evidence that, if the defendant had taken up the note the day after its date, the company having accepted her application for stock, she would have been entitled to receive forty shares of the capital stock of the company at the agreed price of twenty-five dollars per share, as stipulated in the contract, the note was supported by a sufficient consideration.

Id.—Alleged Failure of Consideration.—In such a case, where under the contract of sale defendant was to accept the forty shares of stock the day after the execution of the note, and the evidence shows that that number of shares of the original issue of stock was tendered to her on that day, which tender was open to her acceptance for two months thereafter, it cannot be said that there was a failure of consideration for the note because about two months after its execution all the original issue of the stock of the company had been sold and it was therefore impossible for the company to deliver to the defendant the stock called for by the contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. L. T. Price, Judge presiding.

The facts are stated in the opinion of the court.

J. W. McCaughey, and Edward J. Lynch, for Appellant.

Ira S. Lillick, for Respondent.

THE COURT.—This is an appeal by defendant from a judgment in favor of the plaintiff and from an order denying defendant's motion for a new trial.

The complaint is founded upon a promissory note made by defendant, dated August 12, 1910, payable to her order at the office of the Western States Life Insurance Company one day after date, and indorsed by her in blank. On the day this note was delivered the plaintiff and the defendant met at the home of the defendant. He represented himself as, and in fact was, the agent of the company, authorized to take subscriptions for its stock. After some negotiation the defendant agreed to subscribe for forty shares at twenty-five dollars per share, whereupon the note in suit, an application, and a re-

ceipt were signed and countersigned respectively by plaintiff and defendant. Plaintiff received the note and application, and defendant the receipt. The application and receipt, consisting of printed forms with blank spaces which the parties filled in, contained the terms of plaintiff's agency, and constituted the written contract for the sale and purchase of the stock. Defendant expressed herself as willing to pay at once the amount called for by the contract if the plaintiff would wait until she could go to the savings bank to procure the money; but as the plaintiff was leaving for Honolulu on that day he could not wait, and took the one day note in issue here instead of cash. It was understood between the parties when the plaintiff took the note that the next day the defendant would call at the office of the Western States Insurance Company in San Francisco, pay her note and take delivery of the stock. Plaintiff at once took the note and application to W. E. Grigsby, of the firm of Pratt & Grigsby, general agents of the insurance company, explaining the transaction and telling him that the defendant would call the next day. Mrs. Kydd called as she had promised; but having in the mean time learned that she could invest her money to better advantage declined to proceed with the transaction. The company on the other hand refused to release her from the obligation she had incurred, and tendered to her the stock called for by the contract. She declined both the tender and to pay the note. The note and application for the stock remained in the possession of Pratt & Grigsby until the plaintiff returned from Honolulu, which was some time after the apparent maturity of the note. Learning what had occurred plaintiff, with a view doubtless of saving his commissions, bought the note from the company. The stock had been issued in the name of Richard O'Connor and indorsed by him, and was held by the company ready to turn over to the defendant at any time upon payment of the note.

The defendant in effect contends that whether the answer pleads fraud or not, the transaction is of such a nature that it was the duty of the court to refuse to entertain the action.

There is absolutely no foundation in this case for such contention. The case involves a plain business proposition, and it is but fair to say that according to the testimony it is free from any taint of fraud.

26 Cal. App.—42

Defendant's next contention is equally without merit. She asserts that the findings of the court are not supported by the evidence for the reason that they are to the effect that the note upon its execution was indorsed and delivered by the defendant to the plaintiff as his own property, and that then and there he became the owner of the note. Of course, according to the evidence, he took the note as the agent of the company in payment of whose stock it was given, and there is nothing in the findings holding to the contrary. All that the findings in effect hold is that at the time of the commencement of the action the plaintiff was the owner and holder of the note.

The third contention of the defendant is that the note never became a binding obligation for want of acceptance by the insurance company. The simple and ready answer to this contention is that plaintiff, if not others, testified in so many words that the company did receive and accept the note; and, as we read the record, it is an undisputed fact in the case, that the company did accept the note, and was ready at once to deliver the stock according to the terms of the contract; and later every precaution was taken by the company and the plaintiff here to compel the defendant to perform her part of the contract.

Passing to the point as to whether or not there was any consideration for the note, but little comment is necessary. It appears that if the defendant had taken up the note the day after its date, the company having accepted her application as it did, she would have been entitled to receive forty shares of the capital stock of the company at the agreed price of twenty-five dollars per share, all as was stipulated in the application and receipt, which constituted the contract between the parties. The note therefore, it must be held, was supported by a consideration. (*Vickrey* v. *Maier,* 164 Cal. 384, [129 Pac. 273] ; 7 Cyc. 691.)

In this connection defendant further contends that if any consideration ever existed it has since failed. This claim is based on the circumstance that about two months after the note was executed all the original issue of stock of the company had been sold, and that it was then impossible, even if the defendant had been willing to accept the same, to deliver to her forty shares of the original issue, which she claims the contract calls for.

Under her contract she was to accept the forty shares the day after the execution of the note; and as the evidence shows that that number of shares of the original issue was tendered to her on that day, which tender was open to her acceptance for two months thereafter, we are at a loss to see how it can be said that the consideration failed. This point, like every other point made in the case, is highly technical. The forty shares to which she was entitled under the contract were issued and have stood at different times in the names of one other person and the plaintiff, to be delivered to her at any time upon payment of the note. Thus it is seen that her claim in this regard is without substantial merit.

Coming now to the last point which we shall consider, it is sufficient to say in answer to the same that it was and is assumed by both sides that when plaintiff called at the insurance company's office the day after the making of the note and contract she intended to effect a release if possible from those obligations, but there was no attempt to show a rescission of the contract; and we have no doubt that any error the court may have committed with reference to the admission of evidence was harmless and inconsequential.

The judgment and order are affirmed.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1915.