[Civ. No. 1524.   Second Appellate District.—March 13, 1915.]

## A. P. ROUGHTON, Respondent, v. BROOKINGS LUMBER & BOX COMPANY (a Corporation), Appellant.

CONTRACTS—PERFORMANCE—TIME FOR.—In the absence of a time being specified in a written proposal for the doing of work, the law fixes a reasonable time for the performance thereof.

ID.—CONTRACT TO INSTALL AUTOMATIC SPRINKLERS AND FIRE EXTINGUISHERS—REASONABLE TIME FOR PERFORMANCE.—In an action upon a written contract to furnish materials and labor therefor and install in a box factory a system of automatic sprinklers and fire extinguishers, where the contract did not contain any provision fixing the time within which the installation of the plant should be

made, the finding that in assemblying the material for doing the work much of it had to be shipped from distant parts of the country and testimony that a reasonable time for installing the plant would be two or three months, justified the finding that such reasonable time for the performance of the contract had not elapsed at the time of the destruction of the property by fire which occurred about two months and a half after the contract was entered into.

ID.—EVIDENCE—TIME FOR COMPLETION—WHEN ORAL EVIDENCE INADMISSIBLE.—In such a case, where the contract did not specifically provide any time within which performance should be completed, but did provide that no modifications of the written proposal to do the work, other than in writing signed by the president, should be binding upon the contractor, oral evidence was inadmissible to show that at the time of entering into the written contract, it was orally agreed by an employee of the contractor that the latter would complete the installation within three weeks from the date thereof.

ID.—MATERIAL DELIVERED ON PREMISES—RIGHT OF RECOVERY FOR.—In such a case where by the terms of the contract, it was agreed that in case of the destruction of the property by fire payment should be made not only for the goods destroyed but for "materials furnished, labor and services rendered" up to that time, the contractor was entitled to recover for materials delivered upon the premises but not installed in place, as well as for the property destroyed.

ID.—EVIDENCE—ASSEMBLYING MATERIALS—REASONABLE TIME FOR PERFORMANCE.—In such a case the testimony of the superintendent of construction as to the preliminary work and assembling of materials necessary to make the installation. was proper as tending to establish what constituted a reasonable time within which to perform the same.

ID.—RAILWAY FARE AND CHARGE OF SUPERINTENDENT OF CONSTRUCTION—ERRONEOUS ADMISSION.—In such a case evidence as to the railway fare and per diem charge of the party in charge of construction, for a trip made after the fire, was improperly admitted; but where the court excluded such sum from the amount allowed, defendant was not prejudiced by the ruling; and conceding error in allowing a similar charge of four dollars for a trip prior to the fire, under the rule of *de minimis,* this would not justify a reversal.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Eugene C. Campbell, for Appellant.

Herbert H. Chase, for Respondent.

SHAW, J.—On July 7, 1910, plaintiff's assignor, Manufacturers' Automatic Sprinkler Company, made a written proposal to defendant whereby it proposed, for a sum therein specified, to furnish materials and labor therefor and install in the box factory of defendant its system of automatic sprinklers and fire extinguishers, which proposal was, in writing, duly accepted by defendant. The proposal as accepted contained no provision fixing the time within which the installation of the plant should be made, but did provide that no change or modification of the contract should be binding upon the Automatic Sprinkler Company other than such as in writing should be indorsed thereon by the president of the company. It also contained a provision as follows: "If at any time prior to the completion of the equipment, the work thereon be discontinued by fire or any cause other than the fault of the Manufacturers' Automatic Sprinkler Company, there shall be immediately due and payable from you (the defendant) a sum equal to the value of all goods destroyed; materials furnished, labor and services rendered at the time of discontinuance." Thereafter plaintiff's assignor proceeded with the work of installing the plant as called for by the terms of the contract, when, on September 22, 1910, at which time the installation of the plant was partially complete, a fire occurred as a result of which the buildings and fire extinguishing system so far as installed therein were destroyed. Thereupon, pursuant to the provisions of the contract hereinbefore quoted, work was discontinued.

This action is to recover the value of the goods destroyed, materials furnished, labor and services rendered up to the time when the work of installation of said plant was discontinued on account of said fire.

The court gave judgment for plaintiff, from which, and an order denying defendant's motion for a new trial, it appeals.

The court found that it was untrue that the contract made between plaintiff's assignor and defendant was in part oral; that it was not agreed that the sprinkling apparatus should be installed in defendant's buildings within three weeks from July 7, 1910; that it was untrue that the proximate cause of the destruction of the buildings and plant partially installed therein was the delay of plaintiff's assignor in the performance of the work; all of which facts were affirmatively alleged in the answer as a defense to the action. The court further

found that under the implied terms of the contract a reasonable time was fixed for the completion of the work, and that when discontinued by reason of the fire a reasonable time had not elapsed for the performance thereof; all of which findings are attacked by appellant for want of sufficient evidence to justify them.

In the absence of any time being specified in the written proposal for doing the work, the law fixed a reasonable time for the performance thereof.    (Civ. Code, sec. 1657.)

The fact that in assembling the material for doing the work much of it had to be shipped from distant parts of the country, when considered with other circumstances shown in connection with the testimony of several witnesses to the effect that a reasonable time for installing the plant would be two or three months, fully justified the finding that such reasonable time had not elapsed when the fire occurred, at which time, the evidence tends to show, a very few days would have sufficed for completing the installation.    Conceding that with an extra force of men, shipments of material by express and special effort, it might have been completed in a shorter period, such fact in no wise tends to prove that sixty to ninety days was an unreasonable time for installing the plant.

When completely installed the sprinkling apparatus would have been valueless as a means of extinguishing fire, unless connected with a sufficient supply of water for such use.    The evidence tends to show that defendant, upon whom the duty devolved, had done nothing toward the work of connecting the plant with the city water system.    But, however this may be, the sprinkling company prosecuted the work, as found by the court, with reasonable diligence, and conceding that had the plant been installed and in operation the fire might have been extinguished, nevertheless, since the company assumed no obligation under its contract to have the plant completed within other than a reasonable time, which time had not elapsed when the fire occurred, it could not be held liable for loss resulting therefrom.

Appellant further insists that at the time of entering into the written contract it was orally agreed that plaintiff's assignor would complete the installation within three weeks from the date thereof.    In support of this contention counsel directs our attention to parol testimony tending to show that an employee of the sprinkler company stated that if defend-

ant accepted the proposal, the work would be done in not exceeding thirty days. Not only did the written proposal contain the provision that modifications thereof, other than in writing signed by the president, should not be deemed binding upon plaintiff's assignor, but inasmuch as the contract was silent as to the time within which the work should be done, the law (Civ. Code, sec. 1657) supplies the omitted term as to the time required for doing the work as fully and completely as though the parties had by writing in express words fixed such time. This being true, it follows that, reading the written contract in connection with said section of the Civil Code, it provided that the work should be done within a reasonable time. Hence, parol evidence tending to prove a change of such term and fixing a shorter period than that which would constitute a reasonable time for doing the work, would be obnoxious to the rule that the terms of a written contract cannot be varied by parol testimony. In our opinion, the court committed no error in making the findings hereinbefore complained of.

The court found that at the time of the discontinuance of the work the value of the goods destroyed, materials furnished, labor and services rendered was the sum of $709.42, consisting of materials of the value of $328.31 destroyed, labor and services rendered of the value of $150.50, and materials furnished for said work delivered upon the premises, but which were not destroyed, valued at $230.61. Appellant insists that this material so valued at $230.61, which was delivered upon the premises but not installed in place, was not material furnished within the meaning of the terms used in the contract. By the terms of the contract it had agreed, not only to pay for the "goods destroyed," but for materials furnished, labor, and services rendered." If defendant was to pay only and alone for the goods destroyed, then no purpose could be subserved by the use of the words "materials furnished," to which in construing the contract some meaning must be accorded. We think it clear that in making the contract the parties in using the words "materials furnished" intended thereby to refer to other goods than such as might be destroyed, and which in this case meant material furnished and delivered upon the premises of defendant and upon which it appears some considerable labor and cost had been expended in assembling, cutting, fitting, and preparing it for use in

the installation of this particular plant.   Otherwise construed, no effect would be given the provision, thus violating a cardinal rule of interpretation of such instruments.   (Civ. Code, sec. 1641.)

By supplemental brief, appellant directs our attention to several alleged erroneous rulings made by the court in admitting and rejecting evidence offered.   The testimony of the superintendent of construction as to the preliminary work and assembling of materials necessary to make the installation, was proper as tending to establish what constituted a reasonable time within which to perform the same.

Evidence as to railway fare paid from Los Angeles to Highlands, and per diem charge of E. Barney, in charge of construction, for trip made after the fire, was improperly admitted, but since the court, as shown by its finding, excluded such sum from the amount allowed, defendant was not prejudiced by the ruling.

Evidence as to a similar charge for a like trip made prior to the fire was proper, in so far as it covered the per diem of the witness; and conceding error in allowing railway fare of four dollars, such fact will not, under the rule of *de minimis,* justify a reversal.

We find no error in other rulings which are complained of.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 12, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 10, 1915.