[Civ. No. 2093.   Second Appellate District.—March 2, 1918.]

## B. G. FERGUS, Respondent, v. VENICE INVESTMENT COMPANY (a Corporation), Appellant.

CORPORATIONS—SALE OF STOCK—RECOVERY OF PRICE—ACCRUAL OF CAUSE OF ACTION—DEMAND AND REFUSAL TO DELIVER STOCK.—A cause of action for the recovery of money paid for corporation stock accrues only upon a demand for the return of the money after demand and refusal to deliver the stock.

ID.—DELAY IN MAKING DEMAND—STATUTE OF, LIMITATIONS.—A purchaser of corporation stock who is entitled to delivery of the stock or to the return of his money cannot defeat the purpose of the statute of limitations by an unreasonable delay in the making of the demand for the return of the money.

ID.—REASONABLE TIME FOR DEMAND.—A reasonable time for the making of a demand for the return of money paid for corporation stock after refusal to make delivery thereof, in the absence of peculiar circumstances affecting the question, is the period fixed by the statute of limitations in similar cases.

ID.—RETURN OF PURCHASE MONEY—TIME.—A breach of an express contract of a corporation to deliver stock to a purchaser does not occur until after the corporation has been allowed a reasonable time after demand to make delivery, and until such breach occurs, there is no implied agreement to return the money.

ID.—DELAY IN DEMANDING RETURN OF MONEY—PECULIAR CIRCUMSTANCES.—Where an agent of a corporation to whom money was paid for corporation stock appropriated the money to his own use, and the officers of the corporation, who were friends of the purchaser, assured him that he would receive his stock in due course either out of the agent's own holdings or the treasury of the corporation, and did not definitely refuse to deliver the stock until two years and two months after the payment of the purchase money, there

were such "peculiar circumstances" existing as justified the delay in making the demand for the return of the money, and an action to recover the same commenced immediately upon the refusal to return the money was not barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Geo. S. Hupp, and Lynden Bowring, for Appellant.

Birney Donnell, for Respondent.

WORKS, J., *pro tem.*—The respondent paid to an agent of appellant, as the purchase price of certain shares of its stock, to be taken from its treasury, the sum of $375. The agent diverted the money, applied it to his own use, and it never was paid to appellant. Respondent made demand upon appellant for the delivery to him of the stock he had bought and the demand was refused. He then demanded a return of his money and, that demand being also refused, he commenced this action for its recovery. The trial court rendered judgment in his favor. The appeal is from the judgment.

The purchase price of the stock was paid on July 6, 1912, and this action was commenced on September 19, 1914, after demand made on September 16, 1914, for a return of the money. The appellant contends that the cause of action is barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, which fixes a limitation of two years for the commencement of actions upon a liability such as is here sued on. A cause of action on such a liability ordinarily accrues only upon a demand made to the person upon whom the liability rests, requiring him to perform his obligation; but there is a long line of cases to the effect that one in whose favor such a liability exists cannot defeat the purpose of the statute by an unreasonable delay in the making of the demand; and those cases also decide that a reasonable time within which to make demand is, by the adoption of an analogy, the period which is fixed by the statute of limitations in similar cases, and that if the demand is not made within that time, an action brought after the making of the demand is barred. (*Bills* v. *Silver King Min. Co.,* 106 Cal.

9, 21, [39 Pac. 43], concurring opinion; *Vickrey* v. *Maier*,
164 Cal. 384, 389, [129 Pac. 273] ; *Jenkins* v. *Marsh,* 22 Cal.
App. 8, [132 Pac. 1051].)    However, this rule is not an abso-
lute one, for it is said in one of the cases cited that it does
not apply where "there are peculiar circumstances affecting
the question" (*Vickrey* v. *Maier*) ; and, indeed, it could not
in justice be absolute, as the principal rule announced by the
decisions is that the demand must be made within a reason-
able time, and appeal is made to the analogy furnished by
the statute of limitations only as an aid to the determination
of that principal question.    In short, the line of decisions
relied upon by appellant does no more than establish the
rule that what is a reasonable time for making demand must
depend upon the facts of each case, whenever those facts are
such as to indicate that the analogy of the statute of limita-
tions does not in justice apply.

It will be noted that there was an express agreement upon
the part of appellant to deliver the purchased stock to re-
spondent.    That, however, is not the agreement for the en-
forcement of which this action is prosecuted, and it was only
after a breach of the contract to deliver the stock that there
could arise an implied agreement to return the money, upon
which agreement the action is prosecuted.    (*Rose* v. *Foord,*
96 Cal. 152, [30 Pac. 1114] ; *Richter* v. *Union Land Co.,* 129
Cal. 367, 373, [62 Pac. 39].)    And the breach of the express
contract did not occur until after appellant had been allowed
a reasonable time, after demand, within which to deliver the
stock.    (Civ. Code, sec. 1753; *Pinkiert* v. *Kornblum,* 5 Cal.
App. 522, [90 Pac. 969] ; *Roughton* v. *Brookings Lum. & Box
Co.,* 26 Cal. App. 752, [148 Pac. 539].)    Respondent's de-
mand for the return of his money was made about two years
and two months after the money was paid to the agent of
appellant.    If two months was a reasonable time for respond-
ent to await a delivery of the stock—assuming, which we
do not by any means decide, that he was bound to demand it
immediately after the money was paid—then the demand for
the return of the money was within two years, and the rule
of *Bills* v. *Silver King Min. Co.,* 106 Cal. 9, [39 Pac. 43],
and the other cases like it, is satisfied, even forgetting the
saving language of *Vickrey* v. *Maier,* 164 Cal. 384, [129 Pac.
273], about the "peculiar circumstances affecting the ques-
tion" in particular cases.

Was two months an unreasonable time to wait for the delivery of the stock? In *Pinkiert* v. *Kornblum, supra,* this court declined to assume, in the absence of evidence upon the question, that twenty days was a reasonable time to be allowed for the issuance of stock in a corporation to one who had purchased it. (See, also, *Roughton* v. *Brookings Lum. & Box Co., supra.*) In the present case, evidently with the intention of bringing it within the rule stated in *Vickrey* v. *Maier, supra,* the trial court found that certain "peculiar circumstances" existed, and they are stated specifically in the findings of fact. Although respondent looks to them as a justification for a delay of two years and two months in demanding a return of his purchase money, they are established as facts in the case, and we may look to them for aid in determining whether two months was an unreasonably long time to await the delivery of the stock. Among the "peculiar circumstances" found were these: That a dispute arose between appellant and its officers who received respondent's money, and that those officers were friends of respondent, and that he was lulled into a sense of security by assurance from them that he would in due time receive his stock. The circumstance involved in the dispute mentioned is very generally stated, as we are not told what was the subject of the dispute, but taking all the circumstances together, taking the rule expressed in *Pinkiert* v. *Kornblum, supra,* and in *Roughton* v. *Brookings Lum. & Box Co., supra,* we are of the opinion that two months was not an unreasonably long time to await the delivery of the stock, and that, therefore, the demand for the money was made within two years after respondent reasonably first could have made it.

There is an angle of the above discussion which we have not yet followed to its conclusion. If we overlook the necessity for a disposition of the rights of the parties under the express contract for the delivery of the stock, as a prerequisite to the arising of the implied agreement for the return of the purchase money, and regard the case as one in which the money became returnable at once after it was paid over to the agent of appellant, we may yet dispose of the question of the statute of limitations satisfactorily to the contention of the respondent, and along the lines evidently followed in the settlement of that point by the trial court. The question then is, under all the circumstances of the case

—and giving due regard to the rule of *Bills* v. *Silver King Min. Co.,* 106 Cal. 9, [39 Pac. 43], and cases like it—was two years and two months an unreasonably long time to elapse before the making of demand for the return of the purchase money? In addition to the "peculiar circumstances" stated above, the trial court also found that "plaintiff made repeated demands for the aforesaid stock; that said defendant did not finally refuse to deliver said stock until September 16, 1914, and plaintiff did not treat said refusal as final until said time, but until said time expected that said defendant would deliver said stock." It is shown by the evidence upon which these facts are found that there was continual argument among the officers of appellant—and that argument was continued as late as at a session of the directors of the appellant held on September 16, 1914—upon the question whether the stock contracted to be delivered to the respondent should be delivered by the agent who had received and used respondent's money, from his own holdings, or whether it should come out of the treasury of the appellant. The evidence shows that the respondent was justified in believing, until the date last mentioned, that his stock would be forthcoming from either the one source or the other, and the directors of the appellant never at any time formally refused to make delivery from the corporate treasury. These facts bring the case within the rule as to "peculiar circumstances," stated in *Vickrey* v. *Maier,* 164 Cal. 384, [129 Pac. 273], and a delay of two years and two months in making demand for the money was justified.

There are certain other contentions made by appellant but they do not merit a discussion.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.