[Civ. No. 7397. First Appellate District, Division Two.—December 18, 1931.]

D. A. FOLEY COMPANY (a Corporation), Appellant, v. THE STATE OF CALIFORNIA, Respondent.

Edward J. Lynch for Appellant.

U. S. Webb, Attorney-General, and Hugh K. McKevitt for Respondent.

STURTEVANT, J.—The plaintiff sued to recover a judgment for damages because of an alleged breach of warranty contained in a construction contract. The defendant answered and a trial was had before the court. The court made a finding that the action was barred by the statute of limitations. The plaintiff has appealed.

The plaintiff frankly states that the only point in the appeal is whether the action is barred by the statute of limitations. (Stats. 1893, p. 57, sec. 2.) The alleged breach occurred in March, 1925; the contract was completed in February, 1926; the plaintiff presented his claim to the board of control (the successor of the board of examiners) on January 3, 1928; it was rejected by that board on February 16, 1928, and this action was commenced April 3, 1928. By the terms of the statute the plaintiff was bound to commence his action " . . . within two years after such cause of action shall have accrued . . .". The question first arises what was the plaintiff's cause of action. The trial court remarked that it was breach of warranty or nothing. That remark was clearly correct. The next question is when does the statute commence to run when the cause of action is a breach of warranty. The plaintiff cites and relies on *Gibbons* v. *United States*, 15 Ct. of Cl. 174, and as reported on appeal in 109 U. S. 200 [27 L. Ed. 906, 3 Sup. Ct. Rep. 117, see, also, Rose's U. S. Notes]. That case is not in point. It involved a claim for extra work. The question arose whether, under the facts, said work was extra. The court held that it was. But in the case at bar the plaintiff does not claim that he built a single extra foot of highway. He claims that representations as to available filling material were not true and therefore he was put to extra costs by

reason of the breach of warranty. Similar claims have been held to rest on a breach of warranty. (*Lattin* v. *Gillette,* 95 Cal. 317, 319 [29 Am. St. Rep. 115, 30 Pac. 545]; *Brackett* v. *Martens,* 4 Cal. App. 249, 256 [87 Pac. 410]; *Crawford* v. *Duncan,* 61 Cal. App. 647, 650 [215 Pac. 573]; *United States* v. *Atlantic Dredging Co.,* 253 U. S. 1, 12 [64 L. Ed. 735, 40 Sup. Ct. Rep. 423, see, also, Rose's U. S. Notes Supp.]; 37 C. J. 835.) In March, 1925, the plaintiff learned that the nature of the filling material was not as it claims it was represented to be. And it now asserts that it had a reasonable time thereafter within which to present its claim. It cites *Bills* v. *Silver King Min. Co.,* 106 Cal. 9 [39 Pac. 43], and quotes from the concurring opinion by Chief Justice Beatty as follows: "If a creditor in cases like this could sue ten or twenty or any number of years after his claim accrued, and maintain his action upon the simple allegation that he had never demanded pay until at a date within the period of limitations, the debtor would never be secure, because the issue of payment could always be litigated by simply adding the other issue,—failure to demand. For this reason it has been held in a great number of instances, and is undoubtedly the law, that the creditor in cases of this character must make his demand within a reasonable time after the money is received to his use. As to what is a reasonable time, is ordinarily determined by the analogy of the statutory periods of limitation. *If the cause of action is barred by the lapse of two years after it becomes complete, then the demand must be made within two years after the right to make it accrues, or a valid excuse must be shown for the failure to make it within that time.*" (Italics ours.) (See, also, 16 Cal. Jur. 509; 37 C. J. 953, 954.) The Bills case was cited and followed in *Williams* v. *Bergin,* 116 Cal. 56, 61 [47 Pac. 877], and also in *Vickrey* v. *Maier,* 164 Cal. 384, 389 [129 Pac. 273]. The former was in turn cited and followed in *Spencer* v. *Los Angeles,* 180 Cal. 103 [179 Pac. 163]. That was an action brought to recover payments made on an alleged void street assessment. The statute of limitations which was applicable was subdivision 1 of section 339 of the Code of Civil Procedure—that is two (2) years. The payments were made December 15, 1911. The action was commenced December 20, 1913. Ordinarily the action would have been barred. But the court quotes the record which

showed that the claims were presented long prior to the expiration of the two-year period; that under the charter of Los Angeles such claims must be acted on by several different officers and boards, and then, if not allowed, action thereon may be commenced. The court noted that the delay was two years and five days. Then at page 120 the court said: "It cannot reasonably be claimed that within that five-day period the parties could have secured action upon their claims by the several city officers and board who were required to act thereon before the claim could have been paid, or that the reasonable time within which to procure action of the city authorities did expire before the expiration of the said five days. (See, also, *Dennis* v. *Bint,* 122 Cal. 45 [68 Am. St. Rep. 17, 54 Pac. 378].)" In other words, something more than five days' delay was that of the officials and not of the claimants. But that rule does not help the plaintiff. The statutory period we are considering is fixed at two (2) years. (Stats. 1893, p. 57.) From the date on which the plaintiff learned of the breach to the date when it presented its claim was nearly three (3) years. As said in *Bills* v. *Silver King Min. Co., supra,* it neither pleaded nor proved " . . . a valid excuse", for not presenting its claim within two (2) years. In the absence of making that showing, the plaintiff stood in the same position as the plaintiff in *County of San Luis Obispo* v. *Gage,* 139 Cal. 398 [73 Pac. 174]. At page 409 of 139 Cal. [73 Pac. 178], the court said: "As has been said, the failure to file and present the claim within the time prescribed by the statute as effectually barred the claim when it was presented as would the failure to begin an action thereon after such claim was presented and rejected by the board. It therefore follows that the board was acting within its powers, and that its discretion was not abused when it rejected this claim because it was not presented in time." Under similar sets of facts like conclusions were reached in the following cases: *Dennis* v. *Bint,* 122 Cal. 39, 45, 46 [68 Am. St. Rep. 17, 54 Pac. 378]; *Jenkins* v. *Marsh,* 22 Cal. App. 8, 10 [132 Pac. 1051]; *Caner* v. *Owners Realty Co.,* 33 Cal. App. 479, 481 [165 Pac. 727]; *Wittman* v. *Board,* 19 Cal. App. 229, 231 [125 Pac. 265]; *People* v. *California Safe Deposit Co.,* 41 Cal. App. 727, 731 [183 Pac. 289]; *Smith* v. *Bach,* 53 Cal. App. 63 [199 Pac. 1106]; *Curtin* v. *Board,* 74 Cal. App. 77, 83 [239 Pac. 355]. On the

other hand, when it was made to appear that the delay was not all caused by the plaintiff but a part at least was caused by the public officials whose duty it was to audit or examine, or some other facts were shown excusing the delay, the courts have held that the delay was not unreasonable and, in such cases, the court followed *Bills* v. *Silver King Min. Co.*, *supra*, and granted relief. (*Spencer* v. *City of Los Angeles*, 180 Cal. 103, 120 [179 Pac. 163]; *Fergus* v. *Venice Inv. Co.*, 36 Cal. App. 425, 427 [172 Pac. 396].)

Because the defendant did not plead the statute of limitations in its demurrer, the plaintiff claims that the defense was waived. There are two complete answers. In the first place the plaintiff's complaint was so framed that the fact that its action was barred did not appear on the face of the pleading. That being so it was not demurrable. (16 Cal. Jur. 607.) In the second place even though the facts do appear on the face of the complaint and the defense is not made by demurrer it does not follow that in California the defense may not be set up in the answer or that it is waived. The plaintiff cites and relies on *California Safe Deposit & Tr. Co.* v. *Sierra Valleys R. Co.*, 158 Cal. 690 [Ann. Cas. 1912A, 729, 112 Pac. 274]. That case does not support the plaintiff. (See p. 698.) It also cites cases from other jurisdictions. Certain rules are so well established in this state on the general subject that we may not ignore them to take up rules in other states. It has been directly held that the defense of the statute of limitations is a meritorious defense. (*Lilly-Brackett Co.* v. *Sonnemann*, 157 Cal. 192, 196 [21 Ann. Cas 1279, 106 Pac. 715].) It has also been held that, to do justice, a defendant will not be refused permission to amend by pleading the statute of limitations. (*Trower* v. *City and County of San Francisco*, 157 Cal. 762, 769 [109 Pac. 617].) The defense was, therefore, properly set forth in the defendant's answer.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 16, 1932, and an application by appellant to have the cause heard in the Su-

preme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 15, 1932.