[Civ. No. 11271. Second Appellate District, Division Two.—March 4, 1937.]

HENRY FLEISHBEIN, Jr., Appellant, v. WESTERN AUTO SUPPLY AGENCY (a Corporation) et al., Respondents.

C. A. A. McGee and Robert Lee Collins for Appellant.

Lasher B. Gallagher for Respondent.

CRAIL, P. J.—The sole question necessary for a decision on this appeal is whether the plaintiff has successfully pleaded an estoppel. If he has, the judgment should be reversed. If he has not it should be affirmed.

The plaintiff originally brought his action in the superior court of the state of California. That action was removed to the federal court. After the period of the statute of limitations had fully run, he dismissed the action without prejudice.

The plaintiff thereafter commenced a new action in the superior court and, because it otherwise would have appeared upon the face of the complaint that the action was barred by the statute of limitations, undertook in his complaint to allege an equitable estoppel. In this regard the complaint alleges that when the former action came on for trial counsel for the defendant *stipulated* with counsel for plaintiff that the said cause should be dismissed without prejudice; that the stipulation is attached to the complaint and made a part thereof. (The so-called stipulation which supersedes the pleader's use of the word "stipulated" turns out to be the minutes of the court.) It reads as follows: "This cause coming before the court for trial, attorney for plaintiff moves for dismissal as to the defendant without prejudice, and, attorney for defendant stating that he has no objection, it is so ordered by the Court." The complaint continues (boiled down): "That by consenting to the dismissal without prejudice of the said cause of action as to the defendant, the defendant *represented* to the plaintiff that plaintiff could sue again; that plaintiff relied upon this consent to the dismissal and was led to believe that the defendant would not set up the statute of limitations as a bar to another action arising out of these facts brought by the plaintiff against the defendant; that by consenting to the said dismissal without prejudice the defendant waived the defense of the statute of limitations and is now estopped from setting up the same." The defendant presented a general demurrer against this

complaint. The demurrer was sustained without leave to amend, and judgment was entered accordingly. The appeal is from this judgment. The plaintiff makes no claim that he could have done better if he had been given leave to amend.

■ The phrase "without prejudice" is often used but is seldom defined. Dismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case upon the merits. (69 Cor. Jur. 1318, notes 62 and 63.) The only adjudication by a judgment of dismissal "without prejudice" is that nothing is adjudged and that the parties are as free to litigate the issue as though the action had not been commenced. (*Harrison* v. *Remington Paper Co.*, 140 Fed. 385 [5 Ann. Cas. 314; 3 L. R. A. (N. S.) 954]; 9 R. C. L. 214.) Such a dismissal cannot ordinarily be construed as debarring the defendant of any defense upon the merits of the case to which he is entitled by law. (17 R. C. L. 871, note 13; *Nevitt* v. *Bacon*, 32 Miss. 212 [66 Am. Dec. 609].) The defense of the statute of limitations is one upon the merits. (*Foley Co.* v. *State*, 119 Cal. App. 300 [6 Pac. (2d) 283]; *People* v. *Honey Lake Valley Irr. Dist.*, 77 Cal. App. 367 [246 Pac. 819].)

■ Equitable estoppels are ordinarily applied to prevent injury which would follow from the declarations, acts or omissions of a party were he permitted to gainsay the truth of such declarations, acts or omissions and are invoked for the prevention of fraud or that which is tantamount to fraud. (*Davis* v. *Davis*, 26 Cal. 23, 39 [85 Am. Dec. 157]; Code Civ. Proc., sec. 1962, subd. 3.)

■ As a general rule a party who has an opportunity to plead an estoppel upon which his cause of action depends must do so. See cases collected under note 20, 10 Cal. Jur. 654. And this rule is particularly applicable where a plaintiff relies upon estoppel to avail against a defense which would otherwise appear upon the very face of the complaint. (21 Cal. Jur. 63.)

The party invoking such estoppel must plead it with the same fullness and particularity as is required in cases involving like subjects of inquiry in suits of equity. (*Davis* v. *Davis, supra.*) "All essential elements of estoppel must be alleged . . . and from such facts estoppel must be clearly

deducible therefrom.'' (*Arp* v. *Blake,* 63 Cal. App. 362, 369 [218 Pac. 773].) ▇ There are four essential elements of equitable estoppel. (10 Cal. Jur. 626.) One of them is fraudulent intent, ''that is, there must be circumstances and conduct which would render it a fraud for the party to deny what he had previously induced or suffered another to believe and take action upon. It is well settled that negligence, that is, careless and culpable conduct, is as matter of law equivalent to an intent to deceive and will satisfy the element of fraud necessary to an estoppel. Of course, the neglect, to operate as an estoppel, must be in respect to some *duty* owing to the party asserting it.'' (*Parke* v. *Franciscus,* 194 Cal. 284, 297 [228 Pac. 435].)

▇ Measured by these rules the complaint does not set forth an estoppel. There is no allegation that when the defendant made the statement attributed to him (that he did not object to a dismissal without prejudice) that he made it with the intent to deceive or defraud the plaintiff or that he made it with such carelessness and culpable negligence as to amount to a constructive fraud, or that the plaintiff was without knowledge of the result which would follow from the order and was without the means of readily acquiring such knowledge. (*Davis* v. *Davis, supra.*) ▇ Furthermore, the person invoking an estoppel must have been *induced* to change his position. It is necessary in order to create an estoppel that he would not have taken the step which he did but for the statements or conduct of the defendant. (*Arp* v. *Blake, supra.*) There are no such allegations in the complaint.

▇ The facts as alleged by the complaint are, that the defendant made no act or declaration whatsoever prior to the step taken by the plaintiff and that all the defendant then did was to state that he did not object. The plaintiff contends ''that this defendant should have *insisted* upon a dismissal with prejudice or should have insisted that the said cause of action alleged go to the jury in the federal court case''. But obviously it was not the duty of the defendant to object to a dismissal of the action or to insist upon a trial, at a time when the plaintiff was moving for a dismissal. Neither was it the duty of defendant to explain to plaintiff's counsel the legal effect of his voluntary action, and the failure to do any or all of these things does not raise an equitable estoppel against the defendant.

The plaintiff also contends "the existence of an estoppel is a question of fact which cannot be determined upon general demurrer to the complaint", citing *Parke* v. *Franciscus, supra.* It is true that the question is one of fact. Assuming the facts are sufficiently alleged, then the sufficiency of the evidence and the weight thereof cannot be determined by general demurrer, but this does not mean that the facts upon which a party relies need not be alleged.

The defendant on his part in an extensive brief contends for other and additional theories upon which the judgment should be affirmed. It is not necessary for us to comment upon them.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1937.