[S. F. No. 2679.   Department Two.—July 23, 1903.]

## ANNA McPHEE, Respondent, v. MAUD TOWNSEND et al., Appellants.

ACTION UPON NOTE—ATTACHMENT—VALUELESS SECURITY.—Where it appears that mortgage bonds for a projected railroad, which was never constructed, were valueless when taken as collateral security for the note sued upon, and have ever since remained valueless, an attachment was properly issued upon the note, and a motion to dissolve the attachment was properly denied. If the bonds when taken as security were valueless, there was no contract of security.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to discharge writs of attachment. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellants.

The statute does not provide for valueless security when taken, but only for security which has afterwards become valueless. (Code Civ. Proc., sec. 578, subd. 1; *Hamilton* v. *Bell,* 123 Cal. 93.) Since there are some rights of way and contracts of rights of way, there is some value, and the question of value is immaterial. (*Wheelan* v. *Swain,* 132 Cal. 389, 391.)

R. H. Countryman, and Walter H. M. Willett, for Respondent.

The finding of the superior court on the refusal of the motion to dissolve the attachment is conclusive on this court.

(*Blood* v. *La Sereana etc. Co.*, 134 Cal. 361; *Frace* v. *Brown*, 117 Cal. 324.)   Where the security is totally ineffective and forms no consideration, the plaintiff may sue upon the note. (*Powell* v. *Patison*, 100 Cal. 234, 236.)   The security being valueless when taken, the contract of security was without consideration, and therefore *nudum pactum.*

HENSHAW, J.—This is an appeal from the order of the trial court refusing on defendants' motion to discharge certain writs of attachment.   The motion was made under section 556 of the Code of Civil Procedure, upon the ground that the writs were improperly and irregularly issued, for the reason that the five-thousand-dollar note set out in the second cause of action was secured at the time it was given by six first-mortgage bonds of a railroad corporation.   The complaint charged in this regard: ''That at the same time with the delivery of said promissory note, said defendants deposited with this plaintiff, as collateral security for the payment of said note, six one-thousand-dollar bonds of the Stockton and Tuolumne Railroad.   The said railroad was purely a railroad project contemplated to run from the city of Stockton, in the state of California to some point in Tuolumne County, state of California.   That said railroad was never constructed and has no property of any kind or character, and never did have any property of any value, and that said bonds, without any act on the part of this plaintiff, have become valueless, and were valueless at the time of the deposit thereof with this plaintiff as security for the payment of said note.''

It was moved to dismiss the attachments upon the ground that the note of five thousand dollars was at the time it was given, and ever since has been and now is, ''secured by the bonds referred to in the complaint, . . . and which bonds have not since they were given as security for the payment of said note become valueless.''

After a hearing the court denied the motion.   It may have done so, within the evidence offered, upon the conviction that, even if the bonds had a value at the time they were given, the security had since become valueless, when the case would come within the strict letter of subdivision 1 of section 537 of the Code of Civil Procedure.   Should it be necessary in support

of the order of the court, it would be presumed that this was the basis and reason for refusing the motion.

But it is not necessary, because on broader grounds the action of the court was justified. Section 537 of the Code of Civil Procedure authorizes an attachment when the creditor has no security for his debt, or when, if having taken security, that security, without fault of his own, has become valueless. If, as here pleaded, and as the evidence substantiates, the bonds given as security were at the time of their delivery valueless, it follows that there was no contract of security, that no property in truth was hypothecated or pledged, and that the creditor stands in precisely the position as would one whose debtor had made no pretense of securing the debt. The same principle was declared in *Powell* v. *Patison,* 100 Cal. 236. There the plaintiff brought suit to foreclose a mortgage executed by the husband alone upon the property upon which a homestead had been declared. There, as here, was pretended security; but there, as here, the pretended security was valueless. The court held that, as the mortgage sought to be foreclosed was void and of no effect, the plaintiff was entitled to personal judgment upon the note. So here, it having been shown to the satisfaction of the court that the security was valueless at the time it was given, and ever since has remained valueless, plaintiff was entitled to her writ of attachment.

The order appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.