[Civ. No. 9852.    Second Appellate District, Division One.—January 28, 1936.]

CAMILLO GIANDEINI et al., Respondents, v. SALVADOR RAMIREZ et al., Appellants.

470

Benjamin Chipkin for Appellants.

Charles I. Rosin for Respondents.

SHINN, J., *pro tem.*—Appeal from an order refusing to discharge an attachment.

The action is on a note secured by a mortgage on real property. The original complaint on the note alleged the giving of the mortgage to plaintiffs and that as of the date the complaint was filed the amount of an encumbrance prior to that of plaintiffs was in excess of the value of the real property and hence that as of that date plaintiffs' security had no value. By an amended complaint filed before the motion to discharge the attachment was heard, it was alleged as follows: "That at the time of the execution of said promissory note, the defendants herein executed a real estate mortgage as security for the moneys set out in the said promissory note. That the security given by the said real estate mortgage has without any act of the plaintiffs become valueless, and that the plaintiffs have no security whatsoever for the said indebtedness. That the said real estate mortgage given to the plaintiffs is now and was at the time of the execution thereof subject to a first encumbrance against the real property covered

by the said mortgage to the plaintiffs, and that the obligation on the first encumbrance against the said real property was at the time of the execution thereof, and is now, greatly in excess of the value of the said property, and the said real property has no value whatsoever in excess of the amount of the first encumbrance, and that the mortgage held by the plaintiffs herein is of no value, and is no security on the obligation sued upon and was valueless when given to plaintiffs.''

The affidavit for attachment stated that the debt had not been secured by any mortgage or lien upon real estate or personal property or any pledge of personal property. With the notice of motion to discharge the attachment, the defendants served and filed an affidavit of defendant Salvador Ramirez in which it was averred that when plaintiffs took the mortgage it was contemplated by the parties that in the event of a default the security should be first exhausted before any demand for a personal deficiency should be made; that the security was not valueless but that the mortgaged property was of the present value of $7,000, ample to pay both encumbrances, and that the first encumbrance had not been foreclosed. A counteraffidavit which we will hereafter refer to was filed by plaintiffs' counsel. Upon this record the court heard and denied the motion to discharge the attachment.

In order to sustain the attachment it was incumbent upon plaintiffs to establish either of two facts: (a) That the debt had not been secured originally; or (b) That if secured in the beginning, the security later became valueless. In our opinion neither of these facts was established by the showing made on behalf of plaintiffs.

If we assume that the court found from the allegations of the amended complaint and the affidavit for attachment that the value of the real property when the second mortgage was given did not exceed the amount of the first encumbrance, that fact does not give plaintiffs the right to maintain this action on the debt without foreclosure, and consequently does not give them the right to maintain the attachment.

The Supreme Court held in *Barbieri* v. *Ramelli*, 84 Cal. 154 [23 Pac. 1086], that the word ''secured'' as used in section 726 of the Code of Civil Procedure ''does not mean that the security shall be adequate, or that in case prior liens

upon it would exhaust the money derived from the land conveyed as security on a sale of it, that then the plaintiff is relieved from bringing the action to foreclose. The proper construction of the language of the statute is, that if the mortgage on its face purports to be a security to the plaintiff, then he must bring his action for foreclosure." That was a case in which the court found that at the time of the commencement of the action the land was worth less than the prior encumbrances, but did not find what its value was at the time the mortgage was given, and therefore it did not appear that there had been any depreciation in value. It was held that the plaintiff could not maintain a suit on the note under section 726 of the Code of Civil Procedure, and was not given the right to sue by section 537 of the Code of Civil Procedure. The principle upon which the case was decided and which has since been recognized as an eminently sound doctrine is expressed in the following quotation: "Having elected to take the security at the value it possessed when the mortgage was originally executed, no change in value having since occurred, he (mortgagee) cannot be allowed to urge, to evade a compliance with the provisions of section 726, that it has become valueless." Applying this principle to the case at bar, it is scarcely necessary to state that if the security had no value at the time it was given, as plaintiffs allege, it could not have become less valuable thereafter.

Later cases have allowed suit to be maintained on a mortgage note, without foreclosure, after the sale of the mortgaged property and the absorption of all of the proceeds upon a foreclosure of a prior encumbrance. (*Savings Bank of San Diego County* v. *Central Market Co.*, 122 Cal. 28 [54 Pac. 273]; *Ferry* v. *Fisk*, 54 Cal. App. 763 [202 Pac. 964]; *Cohen* v. *Marshall*, 197 Cal. 117 [239 Pac. 1050].)

A simple action on a note has been permitted where the mortgage was void for the reason that it lacked the signature of the mortgagor's wife (*Powell* v. *Patison*, 100 Cal. 236 [34 Pac. 677]), and in cases where the property attempted to be mortgaged had no tangible existence at the time the mortgage was given. (*McPhee* v. *Townsend*, 139 Cal. 638 [73 Pac. 584]; *Dyer Law & Collection Co.* v. *Abbott*, 52 Cal. App. 545 [199 Pac. 340].) And in *Otto* v. *Long*, 127 Cal. 471 [59 Pac. 895], where a mortgage was given upon land in which

mortgagor had no interest at all, an action on the note was allowed. It was pointed out in this case that to allow a suit on the note under such circumstances is not a departure from the doctrine of *Barbieri* v. *Ramelli, supra,* nor the policy of the statute. The principle of these later cases is stated as follows: "If it can be made to appear that there is no such property as that which the mortgage purports to describe, it would demonstrate that there was no lien, and the debt would not be one secured by mortgage upon real estate," and it was said further, "It is not altogether or literally true, as declared in some of the cases, that the mortgagor only undertakes to pay the deficiency which may remain after the return is made of the result of the sale on foreclosure. He undertakes to pay the debt, but if there exists a valid lien to secure its payment the result is the same as though his contract had been only to pay the deficiency."

If, as plaintiffs allege, the security was without value when given they should have known it and they do not deny having such knowledge. Having taken the security advisedly, presumably knowing what they were doing, they made their contract with the mortgagors and they should be required to abide by it. They had a valid lien on the real property and the contract, in view of the provisions of the statute, made the debt collectible first through a sale of the property under foreclosure, and, if a balance remained unpaid, through the medium of a deficiency judgment. If, at the time the action was commenced, the mortgaged property had the same value that it had when the mortgage was given, plaintiffs are without right under their contract and under the statute to sue directly on the note. To allow such an action before either mortgage had been foreclosed would be to determine in the present action whether there might be a deficiency after the security was exhausted. That, we think, would be an unwarranted interference with the rights of the mortgagors under their contract. Values are uncertain and fluctuating. Real property which today may appear to have insufficient value as security for encumbrances thereon may, at a time when the securities are foreclosed, be of sufficient value to liquidate them in full. If mortgage security, although valid, has no value when given, or even though the title of the mortgagor be known to be questionable, the mort-

gagee should not have the right to accept the security and then waive it, thus converting the obligation into one which the mortgagor has not assumed. Therefore, the fact that the security of plaintiffs may never have had any value does not authorize the maintenance of this action or of the attachment issued therein, and the attachment should have been discharged. (*Pinkiert* v. *Kornblum,* 5 Cal. App. 522 [90 Pac. 969].)

▋ Plaintiffs attempt to rely also upon the allegation of their amended complaint that the security, after it was given, became valueless. We are of the opinion that the court did not find that the security originally had value which was subsequently lost. There was nothing before the court tending to prove this fact which could be correctly characterized as evidence. By their amended complaint and by the affidavit for attachment, plaintiffs made oath that the land was, at the time the mortgage was given, and at the time the action was filed, of less value than the amount of the prior encumbrance, and yet in the same breath they made the bald allegation that the security had become valueless. This latter allegation constitutes the entire so-called evidence offered to bring them within the terms of the statute which allows an attachment where the security has become valueless. No statement is to be found as to the value of the land when the mortgage was given nor as to the value of the security, if it had any. The only statement in the nature of evidence produced by plaintiffs as to the value at the time of the hearing of the motion was contained in an affidavit of one of plaintiffs' counsel, in which affidavit an officer of a corporation which held the first encumbrance was quoted as saying that an appraisement had been made by the corporation and that according to that appraisement the land was worth $700 or $800 less than the balance unpaid on the first encumbrance.

If, by their strangely contradictory sworn statements, plaintiffs have established the existence of any fact material on the motion to discharge the attachment, it is that the security was without value at the time it was given. Having thus established a fact which fails to support their right to an attachment, it would be intolerable that they should be allowed, by confessing the falsity of the allegations of their affidavit for attachment, to establish by their own self-im-

peached assertions, that they did receive good mortgage security which later became valueless.

The mere allegation that the property had become valueless is unsupported by even a scintilla of evidence and we are therefore reluctant to believe that the court refused to dissolve the attachment except upon the theory that it had been properly issued on a showing that the debt had never been secured. As the debt was shown to have been secured within the meaning of sections 537 and 726 of the Code of Civil Procedure, plaintiffs had no right to maintain the present action and therefore no right to the attachment.

■ Plaintiffs correctly contend that the notice of motion to discharge the attachment was defective in failing to state the grounds of the motion. (Code Civ. Proc., sec. 1010.) The notice specified that it would be based on all of the pleadings and documents on file in the case. There was served with the notice the affidavit of defendant Salvador Ramirez, the substance of which has been heretofore stated. This affidavit sufficiently advised plaintiffs that the motion to discharge the attachment would be based in part upon the ground that the plaintiffs held mortgage security which had not been foreclosed and that they could not bring a simple action on the debt but must foreclose their mortgage. Furthermore, this question would have been presented to the court upon an inspection of the complaint. If we were considering the notice alone, the failure to specify the grounds of the motion would have furnished sufficient reason for the order denying the motion. The affidavit served with the notice was one of the documents upon which defendants were relying. The deficiencies of the notice were cured by the affidavit, the contents of which informed plaintiffs of the particular ground relied upon, which we have discussed.

■ Where an accompanying affidavit cures defects in the notice, by disclosing to the adverse party the grounds upon which the motion will be made, the affidavit will be treated as a part of the notice and it will be held that the statute has been substantially complied with. Respondents, therefore, upon the hearing of the motion could not, and may not now, rely upon the insufficiency of the notice. (*Reher* v. *Reed,* 166 Cal. 525 [137 Pac. 263, Ann. Cas. 1915C, 737]; *Hecq* v. *Conner*, 203 Cal. 504 [265 Pac. 180]; *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353]; *Quan Quock Fong* v. *Lyons,*

20 Cal. App. 668 [130· Pac. 33]; *Powers* v. *Freeland*, 114 Cal. App. 146 [299 Pac. 736].)

The order refusing to dissolve the attachment is reversed.

Houser, P. J., and Doran, J., concurred.