[Civ. No. 28106. First Dist., Div. Two. May 25, 1972.]

UNITED CALIFORNIA BANK et al., Plaintiffs and Respondents, v. CHARLES TIJERINA, Defendant and Appellant.

**COUNSEL**

Weissich & Lachelt, William O. Weissich, Bagshaw, Martinelli, Corrigan & Jordan, William G. Corrigan and John R. Hetland for Defendant and Appellant.

John P. Kelley and Lucy McCabe as Amici Curiae on behalf of Defendant and Appellant.

Orrick, Herrington, Rowley & Sutcliffe, James R. Madison, Edward B. Rogin and G. Kip Edwards for Plaintiffs and Respondents.

## OPINION

**ROUSE, J.**—This is an appeal by the defendant from a deficiency judgment entered following a foreclosure sale of certain parcels of real property.

The instant action was commenced on June 13, 1967, when plaintiffs United California Bank, Wells Fargo Bank and Pacific National Bank of San Francisco brought suit against defendant Charles Tijerina, seeking to foreclose a mortgage given as security for certain debts and to obtain a deficiency judgment against the defendant. The complaint alleged that defendant owed plaintiffs approximately $850,000, including interest, and that this debt was secured by a mortgage which was executed on August 19, 1966, and which assigned to the plaintiffs all of defendant's assets, both real and personal, as security for his indebtedness to plaintiffs. Plaintiffs sought to foreclose the mortgage and compel the sale of various parcels of real property covered by the mortgage.

Defendant had paid plaintiffs approximately $450,000 subsequent to the execution of the August 19 mortgage. Plaintiffs also received some $62,500 as dividends on certain stock which defendant had pledged to plaintiffs to carry out the terms of the mortgage. Following the commencement of the instant action, plaintiffs also moved for and obtained the appointment of a receiver to take charge of defendant's real properties and receive the rents and profits therefrom.

On February 23, 1968, plaintiffs moved for a summary judgment of foreclosure. Defendant advised the court that he had no opposition to the granting of the motion, and on April 2, 1968, a summary judgment was duly entered ordering the sale of the various parcels of real property listed in the complaint and covered by the August 19 mortgage. The judgment provided that defendant was personally liable for the debts secured by the mortgage and was a defendant against whom a deficiency judgment might be ordered following proceedings prescribed by law. The court retained jurisdiction "to determine the amount of said deficiency, if any, and to render money judgment on proper application therefor and as authorized by law." Defendant took no appeal from the summary judgment of foreclosure.

The parcels of real property listed in plaintiffs' complaint were thereafter sold, and plaintiffs then moved for a determination as to whether there was a deficiency and, if so, for the entry of a deficiency judgment against defendant.

Defendant filed an objection to the entry of a deficiency judgment,

asserting that plaintiffs had failed to exhaust all the security covered by the mortgage and had thereby waived their right to a deficiency judgment as well as their right to resort to the balance of the security.

The matter came on for hearing on October 15, 1968, and it was established that pursuant to the August 19 mortgage, plaintiffs held the following security which they had failed to list in their complaint: (1) a parcel of real property, (2) some shares of stock and (3) an option to purchase real property.

Plaintiffs admitted their failure to list the parcel of real property in their complaint but asserted that this omission was due to inadvertence. Plaintiffs explained that they had been furnished with a description of the parcel in question and with a description of an adjacent parcel; that they mistakenly believed that the two descriptions referred to the same parcel and therefore listed only one of the parcels in their complaint. As for the stock held as security for the mortgage, plaintiffs asserted that some of the stock was in the Tiburon National Bank, which was in the process of liquidation. The remaining stock was held in escrow, and defendant had refused to furnish the escrow receipts. With regard to the option to purchase real property, plaintiffs asserted that litigation was then pending as to the validity of the option.

Plaintiffs denied that they had waived their right to a deficiency judgment and asserted that (1) they were not required to exhaust their security interest in personal property before obtaining a deficiency judgment, (2) defendant waived his right to claim that all security had not been exhausted because he failed to raise this objection prior to the entry of the summary judgment of foreclosure, (3) plaintiffs were not required to exhaust security which had become valueless, (4) plaintiffs' failure to list the one parcel of real property in their complaint was due to excusable negligence and defendant was estopped to complain of this omission because he well knew that the parcel had been omitted and failed to call it to the plaintiffs' attention.

The parties stipulated that the parcels of property foreclosed upon had all been sold for sums equal to or in excess of their fair market value.

On December 8, 1969, a deficiency judgment was entered against defendant in favor of plaintiffs United California Bank and Security Pacific National Bank (the successor to Pacific National Bank of San Francisco). The judgment in favor of United California Bank was in the principal amount of $243,101.48, and the judgment in favor of Security Pacific National Bank was in the principal amount of $141,483.54. Defendant filed a timely notice of appeal from the deficiency judgment.

Defendant takes the position on appeal that pursuant to Code of Civil Procedure section 726, there can be but one action for the recovery of any debt secured by a mortgage upon real or personal property. He further asserts that a creditor who fails to exhaust all of his security in one action waives both his right to the balance of the security and his right to a deficiency judgment against the debtor. (*Stockton Sav. & Loan Soc.* v. *Harrold* (1900) 127 Cal. 612 [60 P. 165]; *Hall* v. *Arnott* (1889) 80 Cal. 348 [22 P. 200].) Defendant contends that the plaintiffs in the instant case clearly waived these rights when they obtained a summary judgment of foreclosure directing the sale of only a part of the real property given as security for the debt and omitting all reference to certain additional real and personal property given as security for the debt.

Plaintiffs, in reply to this contention, also rely upon a waiver argument and assert that defendant, who well knew what additional security was given for the debt, had an affirmative duty to bring this point to plaintiffs' attention prior to the rendition of the summary judgment of foreclosure. Plaintiffs reason that defendant's failure to do so constitutes a waiver of his right, under Code of Civil Procedure section 726, to have all security exhausted before being adjudged personally liable for the unpaid balance of the debt. (*Spector* v. *National Pictures Corp.* (1962) 201 Cal.App.2d 217, 225-226 [20 Cal.Rptr. 307].)

The language of Code of Civil Procedure section 726 (as it has read at all times subsequent to a 1937 amendment), lends considerable support to plaintiffs' position. The third paragraph of section 726 provides that the decree of foreclosure shall declare the amount of the indebtedness and "unless judgment for any deficiency there may be . . . is waived by the judgment creditor . . . *shall determine the personal liability of any defendant for the payment of the debt secured by such mortgage . . . and shall name such defendants against whom a deficiency judgment may be ordered following the proceedings hereinafter prescribed. In the event of such waiver, . . . the decree shall so declare and there shall be no judgment for a deficiency.*" (Italics added.) The third paragraph of section 726 goes on to provide that in cases where it is decreed that the defendant is personally liable, the plaintiff may thereafter apply for the entry of a deficiency judgment and the court shall hold a hearing at which either party may present evidence "as to the fair value of the property . . . sold," after which the court "*shall* render a money judgment against such defendant or defendants for the amount by which the amount of the indebtedness . . . exceeds the fair value of the property . . . sold as of the date of sale; . . ." (Italics added.)

█ It would seem clear from the above quoted language that the

Legislature contemplated a two-stage proceeding. The first stage, culminating in the decree of foreclosure, orders the sale of the mortgaged property and determines whether the defendant is personally liable for the debt and subject to the entry of a deficiency judgment. The Legislature obviously intended the question of waiver to be adjudicated at this time, and the section expressly so provides. During the second stage of the proceeding, the sole issue remaining for determination is the amount, if any, of the deficiency remaining after sale of the mortgaged property. The section provides only for the taking of evidence as to the fair value of the property sold. The section obviously contemplates that all other issues have been adjudicated prior to the entry of the decree of foreclosure.

Defendant argues against this construction of Code of Civil Procedure section 726, and asserts that a debtor should be given two alternatives: (1) by means of timely objection raised prior to the entry of the decree of foreclosure, he may compel the creditor either to exhaust all security given for the debt or forego his right to a deficiency judgment; or (2) the debtor may remain silent until after the decree of foreclosure has been entered and may then object to the entry of a deficiency judgment on the ground that the creditor's failure to exhaust all of the security for the debt constituted an irrevocable waiver of his right to a deficiency judgment.

This reasoning is not persuasive. The evident purpose of Code of Civil Procedure section 726, is to protect the debtor against multiplicity of suits and compel competitive bidding to test the value of all security for the debt. This purpose clearly may be achieved by requiring the debtor to insist, prior to the entry of the decree of foreclosure, upon the exhaustion of all security for the debt. If the debtor deliberately chooses not to avail himself of this right, such election on his part certainly should not operate to deprive the creditor of his right to a deficiency judgment.

In the instant case, defendant could easily have contended, prior to the entry of the summary judgment of foreclosure, that there was additional security for the debt which plaintiffs had failed to list in their complaint. Instead, defendant consented to the entry of the foreclosure decree and allowed himself to be adjudged personally liable for any deficiency which might remain after the foreclosure sale. He then attempted to take advantage of his own silence by belatedly objecting to the entry of a deficiency judgment, contending for the first time that he had an absolute right to require plaintiffs to exhaust all of the security for the debt and that plaintiffs' failure to do so had extinguished their right to a deficiency judgment.

■ Basic principles of fairness compel the conclusion that if defendant wanted all of his security to be exhausted, he had an affirmative duty to

raise the point and to do so prior to the entry of the decree of foreclosure. Section 726 clearly provides that the right to a deficiency judgment shall be adjudicated in the decree of foreclosure. (*Edwards* v. *Lang* (1961) 198 Cal.App.2d 5, 14-15 [18 Cal.Rptr. 60].) It is also clear that when such adjudication was made in the summary judgment of foreclosure and no appeal was taken, the judgment became final and res judicata as to the issues determined. (*Perego* v. *Seltzer* (1968) 260 Cal.App.2d 825 [67 Cal.Rptr. 636].) Defendant was thereafter precluded from objecting to the entry of a deficiency judgment in an amount equal to the difference between the fair value of the property sold at the foreclosure sale and the amount of defendant's indebtedness to plaintiffs.

Judgment affirmed.

Taylor, P. J., and Kane, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 19, 1972. Peters, J., was of the opinion that the petition should be granted.