## In re PRESTIGE LIMITED PARTNER-SHIP—CONCORD, a California Limited Partnership, Debtor.

## PRESTIGE LIMITED PARTNERSHIP—CONCORD, a California Limited Partnership, Plaintiff,

v.

## EAST BAY CAR WASH PARTNERS, a California Limited Partnership, Defendant.

Bankruptcy No. 95–57967–JRG.
Adversary No. 96–5281.

United States Bankruptcy Court, N.D. California.

Aug. 6, 1998.

Eugene K. Yamamoto, Crosby, Heafey, Roach & May, San Francisco, CA, for debtor & plaintiff.

David B. Draper, Ropers, Majeski, Kohn & Bentley, San Jose, CA, Heinz Binder, Binder & Malter, San Jose, CA, for defendant.

## ORDER DENYING REMAINDER OF MOTION FOR SUMMARY JUDGMENT AND ORDER OVERRULING OBJECTION TO CLAIM

JAMES R. GRUBE, Bankruptcy Judge.

## I. *INTRODUCTION*

Before the court are the remaining issues contained in plaintiff's motion for summary judgment which the court has not previously considered.[1] These issues also encompasses the objection to defendant's proof of claim filed by plaintiff. Plaintiff seeks a determination that defendant East Bay has no claim of any type in the bankruptcy case. For the reasons hereinafter stated, the remainder of plaintiff's motion for summary judgment is denied and plaintiff's objection to defendant's claim is overruled.

## II. *BACKGROUND*

The underlying facts are not disputed. The debtor and plaintiff in this adversary proceeding is Prestige Limited Partnership, a California limited partnership. Prestige's General Partner is Mesa Full Service Car Wash Partners, which is an Arizona limited partnership. The General Partners of Mesa are several individuals, one of which is Jerry Brassfield. Jerry Brassfield is also the purported guarantor of the promissory note which is at issue in this case.

In July 1990, Prestige purchased a car wash business from defendant East Bay. The purchase price was $2,850,000, which was paid by (1) $500,000 cash; (2) financing

---

1. Plaintiff's motion for summary judgment contains three issues which are discussed later in this decision. The court previously ruled on the first and second issues but did not consider the third issue as it did not find the issue to be properly before it. The court will now address the third issue of whether East Bay has an unsecured claim in the bankruptcy case.

through San Jose National Bank in the amount of $780,000; and (3) a seller carry-back loan of approximately $1,573,000. A ground lease was also assigned to Prestige as part of the sale. The seller carry-back loan was evidenced by a promissory note to East Bay (hereafter referred to as the "1st Note"), and was secured by Prestige's ground lease, as Well as personal property and equipment. The 1st Note was executed by Prestige's General Partner, Mesa Car Wash Limited Partnership, as evidenced by the signatures of Mesa's three individual General Partners, including Jerry Brassfield. The 1st Note also contained a guaranty provision which provided: "This Promissory Note, including all of Trustor's obligations to pay principal and interest are hereby personally guaranteed by Jerry G. Brassfield dba J.G. Brassfield Enterprises." Jerry Brassfield executed the 1st Note in his capacity as General Partner of Mesa, and also as Guarantor in his individual capacity and dba "J.G. Brassfield Enterprises."

In September 1991, the 1st Note was split into two notes—(1) an $800,000 Note (hereafter the "2nd Note"), which contained the same guaranty language as the 1st Note, and was secured by the ground lease; and (2) a Note for $773,000 (hereafter the "3rd Note"), which was also secured by the ground lease and contained the same guaranty language as the other notes. The 2nd Note was subsequently assigned and is not at issue. It is the 3rd Note which is at issue in this case.

There is no dispute that the 1st Note was a purchase money Note;[2] nor is it disputed that the subsequent division of the 1st Note did not change the character of the 2nd and 3rd Notes as purchase money notes.[3] Prestige also cites to case law providing that if a debt is originally a purchase-money debt, the note evidencing the debt is also a purchase-money debt, even if it is not the original note. *Jackson v. Taylor,* 272 Cal.App.2d 1, 76 Cal. Rptr. 891 (1969); *Lucky Inv. v. Adams,* 183 Cal.App.2d 462, 7 Cal.Rptr. 57 (1960).

The 3rd Note became due in October 1993, but the parties agreed to extend the maturity date to October 1, 1995. Prestige subse-

quently attempted to obtain a further extension of the Note due date but was unsuccessful. In October 1995, East Bay commenced an action on the guaranty against Jerry G. Brassfield, individually and dba J.G. Brassfield Enterprises. Brassfield raised as an affirmative defense in his answer that the relief sought by the complaint was a violation of the single action rule of California Code of Civ.Proc. § 726(a). Nevertheless, East Bay obtained temporary protective orders against Brassfield, and in March 1996, and April 1996, obtained writs of attachment. East Bay levied on the writs of attachment in April 1996 and attached $74,960.51 of funds held in Brassfield's unpledged bank accounts.

Prestige filed its petition for bankruptcy under Chapter 11 of the Bankruptcy Code on December 1, 1995 and listed East Bay in its schedules as the holder of a disputed secured claim. On April 25, 1996, Prestige filed this action, a Complaint to Avoid Lien and Declare Obligation to Defendant to be Unenforceable. On May 30, 1996, Prestige filed a motion for summary judgment. The motion set forth three issues:

1. The first issue is whether Jerry Brassfield, as the general partner of Prestige's general partner Mesa, is a primary obligor under the 3rd Note, such that the purported "guaranty" added no additional liability, and Prestige may assert that, by proceeding against Jerry Brassfield, East Bay has taken its "action" under Calif.Code of Civ. Proc. § 726(a).

2. If Jerry Brassfield is found to be a primary obligor under the 3rd Note, the second issue presented is whether East Bay's attachment and levy of Brassfield's unpledged bank accounts constitutes an "action" for purposes of California Code of Civ.Proc. § 726(a), resulting in a waiver of East Bay's security interest in Prestige's ground lease.

3. If the court answers the first and second issues in the affirmative, the third issue presented is whether East Bay

---

**2.** East Bay admitted this fact in its Answer.

**3.** East Bay also admitted this fact in its Answer.

has any claim in Prestige's bankruptcy case. If plaintiff's contention is correct that, by proceeding against Brassfield, East Bay made an election of remedies and waived its lien against debtor's ground lease, East Bay could have only an unsecured claim in the debtor's case. However, Prestige contends that since East Bay did not file a timely proof of claim, it does not even have an unsecured claim.

On January 29, 1997, the court entered an Order Granting Partial Summary Judgment. With respect to the first issue the court found that Jerry Brassfield was a primary obligor on the note and that East Bay has taken its "action" under Calif.Code of Civ. Proc. § 726(a). On the second issue the court found that East Bay's action resulted in a waiver of East Bay's security interest in Prestige's ground lease. The court did not consider the third issue of whether East Bay has an unsecured claim as it did not find the issue to be properly before it.

■ The Order Granting Partial Motion for Summary Judgment is presently on appeal. See *Prestige Limited Partnership Concord v. East Bay Car Wash Partners,* 205 B.R. 427 (Bankr.N.D.Cal.1997). Once a party properly files a notice of appeal, the trial court loses jurisdiction over reconsideration of those issues addressed in the appeal. *Griggs v. Provident Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) However, the trial court may consider issues that are not before the appellate court. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

The court is now asked to determine whether East Bay has an unsecured claim in the bankruptcy case. On May 3, 1996, East Bay filed a proof of claim in the main bankruptcy case. Prestige has filed an Objection to East Bay's Claim. The first hearing on the objection to claim was set for August 8, 1997. The hearing on the objection was consolidated with the remaining issues in the summary judgment motion dealing with the validity of the unsecured claim.

## III. *ISSUES PRESENTED*

The ultimate issue is whether East Bay has any claim against Prestige in the bankruptcy case. To make this determination three issues need to be addressed:

1) Prestige argues that East Bay's unsecured claim must be disallowed because it is not timely filed.

2) Prestige also argues that East Bay unsecured claim must be disallowed because the violation of § 726(a) of the California Code of Civil Procedure leads to the loss of both East Bay's security and its unpaid debt.

3) Finally, Prestige argues that East Bay's claim must be disallowed because the underlying note is a non-recourse purchase money note and is therefore unenforceable pursuant to § 580b of the California Code of Civil Procedure.

## IV. *APPLICABLE LAW ON MOTION FOR SUMMARY JUDGMENT*

Plaintiff has moved for summary judgment under Federal Rule of Civ.Proc. 56, which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.

Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to prevail in the case as a matter of law. Fed.R.Civ.P. 56(c); *Bhan v. NME Hospitals, Inc.,* 929 F.2d 1404, 1409 (9th Cir.1991), *cert. denied,* 502 U.S. 994, 112 S.Ct. 617, 116 L.Ed.2d 639 (1991), *citing, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party requesting summary judgment has the initial burden to show that there are no genuine issues of material fact. *Bhan v. NME Hospitals, Inc.,* 929 F.2d at 1409. The nonmovant's version of the facts must be accepted and all inferences from the underlying and undisputed facts are to be drawn in favor of the nonmovant. *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *quoting* Fed.R.Civ.P. 56(c). If the moving party satisfies this initial burden, the opposing party must go beyond the pleadings and by affidavit, deposition, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.*, at 324, 106 S.Ct. 2548.

## V. *DISCUSSION*

### A. EAST BAY TIMELY FILED ITS PROOF OF CLAIM

At the initial hearing on the objection to claim and the remaining issues in the motion for summary judgment the court made a tentative ruling on the issue of whether East Bay timely filed its proof of claim. The court now adopts its tentative ruling. The court found that East Bay has a timely filed proof of claim under Rules 3002(c)(3) and 3003(c)(3) for the following reasons.

■ Pursuant to Rule 3002(c), an unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property.

■ The Committee Note for Rule 3002(c) states that although a claim of a secured creditor may have arisen before the petition, a judgment avoiding the security interest may not have been entered until after the time for filing claims have expired. *See Committee Note on Rule 3002*. Under Rule 3002(c)(3) the creditor who did not file a secured claim may nevertheless file an unsecured claim within the prescribed time period. *Id.* A judgment does not become final for the purposes of starting the 30 day period until the time for appeal has expired or until

an appeal has been disposed of. *See Committee Note on Rule 3002 citing In re Tapp*, 61 F.Supp. 594 (W.D.Ky.1945).

■ On February 28, 1997, East Bay Car Wash filed a proof of claim for the unsecured debt after this court issued its Order Granting Partial Summary Judgment in favor of Prestige. The appeal of this order is still pending. Hence, East Bay has filed a timely proof of claim even though it may not even be required to file a proof of claim yet given that the appeal is still pending.

■ In addition, Rule 3003 governs the filing of a proof of claim in Chapter 11 cases. Although Rule 3003(c)(2) would seem to require a secured creditor to file a proof of claim by virtue of the language "Any creditor ... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim," *Collier on Bankruptcy* states that a secured creditor need not file a proof of claim, whether or not properly scheduled, or listed as disputed, contingent or unliquidated, unless the creditor desires to pursue an unsecured deficiency. 9 *Collier on Bankruptcy* ¶ 3003.03[3], p. 3003–8 (15th ed.1997). Rule 3003 also provides that notwithstanding the expiration of time under Rule 3003, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(3).

Thus, East Bay is not required to file a proof of claim until such time its claim is deemed unsecured. Because appeals are pending on the determination of whether East Bay has a secured claim and East Bay has filed a proof of claim, the court finds that East Bay has a timely filed a proof of claim.

### B. EAST BAY DID NOT LOSE ITS UNSECURED CLAIM AS A RESULT OF VIOLATING C.C.P. § 726(a)

Prestige argues that because East Bay violated the one action rule, it not only lost its security but lost its unpaid debt as well. East Bay responds that this is not a case where such a double sanction should be imposed. The court agrees.

The court finds *DiSalvo v. DiSalvo (In re DiSalvo)*, 221 B.R. 769 (9th Cir. BAP (Cal.)1998) controlling as to the imposition of the double sanction urged by Prestige. The Court in *DiSalvo* held that it is reversible error to also extinguish the debt as a sanction for violating the one action rule.

In *DiSalvo*, the debtor executed a promissory note and a deed of trust on the debtor's residence for $100,000 in favor of the plaintiff as an equalizing judgment in their marriage dissolution. When the debtor did not pay the $100,000, the plaintiff began proceedings to execute on the judgment, including obtaining a writ of execution and filing an application to levy on the debtor's assets. After the debtor filed bankruptcy, the plaintiff filed an adversary proceeding seeking a determination that, among other things, the $100,000 equalizing judgment was non-dischargeable. After trial the bankruptcy court found the judgment dischargeable under 11 U.S.C. § 523(a)(15).[4] It also found that plaintiff had violated California's one-action rule (CCP § 726(a)). As a sanction for the violation, the court extinguished the security and the $100,000 debt.

The 9th Circuit BAP stated that through plaintiff's pre-petition collection actions, the plaintiff elected her remedy and is subject to sanctions for her violation of § 726(a). *Id.* 221 B.R. at 774–75. However, the appropriate sanction is loss of the security, not loss of the security and loss of the debt. *Id.* The court stated that the debt is not affected by the plaintiff's violation of § 726(a). *Id.*

■ Based on *DiSalvo*, the court finds that the appropriate sanction for East Bay's violation of the one action rule is the loss of its security only.

## C. EAST BAY'S NOTE IS NOT UNENFORCEABLE BASED ON § 580b OF THE CALIFORNIA CODE OF CIVIL PROCEDURE

Prestige fashions a final argument in its attempt to punish East Bay with a double

sanction. Prestige contends that East Bay's violation of the one action rule cost East Bay its security and California's anti-deficiency statute (CCP § 580b) should now be used to eliminate the unpaid debt. For the following reasons, the court finds that § 580b is inapplicable to this case.

■ Prestige argues that under § 580b, a purchase money secured creditor is limited to its security and cannot obtain a personal judgment for any deficiency on the Note. This is a correct statement of the law. However, East Bay is not requesting that the court grant it a deficiency judgment. It would be impossible for the court to do so.

A "deficiency" by definition is "that part of a debt secured by mortgage not realized from sale of mortgaged property." *See Black's Law Dictionary*, p. 421 (Sixth Ed.1990) Sections 580a and 580b of the California Code of Civil Procedure relate to an action for a deficiency judgment after foreclosure or trustee's sale. Section 580a is entitled "Action for deficiency judgment after foreclosure or trustee's sale; complaint; appraisal; deficiency computed on basis of fair market value; limitation of actions; necessity of sale." Section 580b entitled "Purchase money mortgages, etc.; no deficiency judgment" provides in part:

> No deficiency judgment shall lie in any event **after a sale** of real property . . . for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property. (Emphasis added.)

It is obvious that the section contemplates that the creditor will have the opportunity to liquidate its collateral.

■ In this case, there was never a foreclosure or sale and there may never be one since East Bay lost its security.[5] Prestige

4. In a footnote, the BAP opinion noted that the bankruptcy court's ruling that the judgment is dischargeable was not challenged on the appeal. The BAP further stated that "Accordingly, the debt may be treated as any other unsecured debt in a plan of reorganization." See *DiSalvo v.*
*DiSalvo (In re DiSalvo)*, 221 B.R. at 772 (9th Cir. BAP (Cal.1998).

5. This court found in its Order Granting Partial Motion for Summary Judgment filed January 29, 1997, that East Bay's action against Brassfield

even admits in this motion that "East Bay cannot foreclose on its real property security." *Memorandum of Points and Authorities in Support of Debtor's Motion for Summary Judgment* filed on May 30, 1996, p. 13. Because § 580b limits repayment of purchase money obligation to the sale of property pledged as security for the loan, and there was no sale, § 580b is not applicable to a determination of whether East Bay has an unsecured claim.

■ This outcome is consistent with the policies that underlie §§ 726 and 580b. In order to understand the relationship between §§ 580b and 726 of the California Code of Civil Procedure, one must look to the overall policy objective behind the two sections. See generally 3 Witkin, *Summary of California Law*, Security Transactions in Real Property §§ 111–180 (9th ed.1987); Miller & Starr, *California Real Estate* §§ 9:104–195 (2nd ed.1975). The objective of the sections is to force the creditor to look to the security as the primary source for payment of the debt before looking to the creditor's other assets.

■ CCP § 726, commonly referred to as the single action rule, mandates one form of action for the recovery of any debt secured by a mortgage or deed of trust on real property. The single action must be a foreclosure. See *California Real Estate* § 9:104. In addition, if a creditor wants a deficiency judgment, the rule contemplates a single action consisting of a two-stage judicial proceeding: the first stage orders the sale of the property, determines the liability for a deficiency and culminates in a foreclosure decree; the second stage establishes the amount of the deficiency. 3 *Witkin Summary of California Law*, Security Transactions in Real Property § 155 (9th ed.1987) *citing United Calif. Bank v. Tijerina*, 25 Cal.App.3d 963, 968, 102 Cal.Rptr. 234 (1972).

■ If the creditor elects a non-judicial foreclosure, a trustee's sale, it cannot obtain a deficiency judgment. The rule is designed to prevent the creditor from commencing an action against the debtor before exhausting its security. If the creditor does not follow this security-first mandate, the debtor can raise the single action rule as a defense or as a sanction. The debtor can raise the defense that the debt is secured and he can force the creditor to foreclose first. If the debtor does not raise the defense, the creditor is sanctioned by the loss of its security. 3 *Witkin Summary of California Law*, Security Transactions in Real Property § 119 (9th ed.1987).

■ Section 580b, commonly referred to as California's anti-deficiency statute, also requires that a creditor look to its security by prohibiting a deficiency judgment entirely. Section 580b entitled "Purchase money mortgages, etc.; no deficiency judgment" provides in part:

> No deficiency judgment shall lie in any event after a sale of real property ... for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property.

■ Because of the substantive importance of §§ 726 and 580b, a creditor cannot circumvent the requirement of looking to the security first by "waiving" the security and suing the debtor directly on the debt.[6]

In effect, when a debtor signs a promissory note, he does not make an unconditional promise to pay the debt; he only makes a conditional promise to pay any deficiency after a judicial sale of the property if the amount received at the sale does not satisfy the debt. *Id.* In the case of a purchase money mortgage, he makes a conditional promise to pay the creditor with any sale of the property. In both cases the debtor still makes a promise to pay something in exchange for ownership of the property.

If the debtor elects to prevent or disallow a sale of the property, it cannot argue that the creditor has no other recourse. This

waived its security interest in Prestige's ground lease. This decision is now pending appeal.

6. The debtor cannot waive the protection of the rules at the time he makes or renews the security obligation. See *California Real Estate* § 9:104. However, the debtor can subsequently waive the restrictions if he receives separate and independent consideration for the waiver. *Id.*

would leave the creditor with nothing. This is a double sanction that is not contemplated by the statutes and courts have held that it is inappropriate to impose a double sanction. See *In re DiSalvo*, 221 B.R. 769 (9th Cir. BAP (Cal.) 1998). By preventing the creditor from looking to its security as the statutes require, the debtor is estopped from asserting its protections under the statutes. In effect, there has been an election to allow a deficiency judgment in its place. Otherwise, to disallow a deficiency judgment would be paramount to allowing the debtor to make a promise to pay, receive the property, and not be required to pay for the property. The debtor cannot take the property and leave the creditor with absolutely nothing. This clearly is not the intent of the statutes. The intent is that the creditor look to its security. If it is prevented from doing so, it may not be sanctioned with loss of the debt owed to it.

In this case, Prestige is estopped from asserting its protections under the statute. On May 30, 1996, Prestige filed a Motion for Summary Judgment which requested that the court find that East Bay has lost its security interest in Prestige's ground lease. The court granted its request in its Order Granting Partial Summary Judgment. Now, Prestige requests that the court find that East Bay has no claim whatsoever based on California's anti-deficiency statute CCP § 580b. The court now finds that Prestige is estopped from asserting its § 580b protection by virtue of East Bay being prevented from looking to the security pledged for the debt. Through its motion to impose the sanction of loss of security under the one action rule, Prestige has made an election to allow East Bay to pursue Prestige's other assets to repay the debt. Thus, East Bay's note is not unenforceable based on § 580b and East Bay has not lost its unsecured claim.

## VI. *CONCLUSION*

Based on the foregoing, plaintiff's partial motion for summary judgment is denied. In addition, the objection to East Bay's unsecured claim is overruled. The statements in this order shall constitute findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.